**Floyd David REED, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5125.

United States Court of Appeals, Federal Circuit.

Nov. 13, 2001.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Floyd David Reed appeals an order of the United States Court of Federal Claims [1] dismissing his complaint for lack of jurisdiction or failure to state a claim on which relief can be granted. We *affirm.*

DISCUSSION

Mr. Reed is a prisoner at the United States Penitentiary in Beaumont, Texas who has pled guilty to bank robbery. He filed a complaint against the United States before the Court of Federal Claims demanding release from prison and $50,000,000. Mr. Reed argued that he— "Floyd David Reed"—must be distinguished from his "strawman"—"FLOYD DAVID REED"—and that his imprisonment was accomplished through his strawman, as evidenced by the appearance of the name "FLOYD DAVID REED" on the court document recording his conviction. Mr. Reed argued that this resulted in a

---

1. *Floyd David Reed v. United States,* No. 01–   140C (Fed.Cl. June 18, 2001).

**904**

due process violation and the violation of an implied contract with the United States. The Court of Federal Claims granted the motion to dismiss, and this appeal followed.

 The jurisdiction of the Court of Federal Claims is a matter of law, reviewed *de novo* by this court. *See Howard W. Heck & Assoc. v. United States,* 134 F.3d 1468, 1471 (Fed.Cir.1998). The Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Mr. Reed has presented no set of facts that would entitle him to relief under the Constitution or a money-mandating statute. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995). The Court of Federal Claims does not have jurisdiction to review and overturn criminal convictions. *See Lott v. United States,* 11 Cl.Ct. 852, 853 (1987). In addition, Mr. Reed has not demonstrated the existence of an express or implied contract with the United States; he errs in suggesting that a final judgment is a contract. The Court of Federal Claims correctly dismissed Mr. Reed's complaint for lack of jurisdiction or failure to state a cognizable claim for relief.

No costs.