**Roy LOTT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 112–87C.**

United States Claims Court.

March 3, 1987.

**ORDER**

(i) Granting Motion To Proceed *In Forma Pauperis*

and

(ii) Directing Dismissal of Complaint

WIESE, Judge.

In this motion, plaintiff, acting *pro se,* asks leave of court to proceed *in forma pauperis* to pursue a claim against the United States for monetary and other relief. Upon consideration of plaintiff's submissions, the court grants the motion to proceed *in forma pauperis,* but orders that the complaint be dismissed for failure to state a claim within the court's jurisdiction.

Plaintiff alleges that he was wrongfully convicted of a federal kidnapping charge, in part on the basis of erroneous evidence concerning his medical condition as reported in his military records. He asks this court to (i) obtain and review his Veterans Administration and Air Force medical files; (ii) overturn his conviction; (iii) order him released from prison; and (iv) award him $10 million in damages for unjust conviction. The court, however, has no authority to act on any of these requests.

This court's power to grant relief in cases of unjust conviction is set forth in 28 U.S.C. § 1495 (1982), which provides as follows:

> The United States Claims Court shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

The quoted statute must, however, be read in conjunction with 28 U.S.C. § 2513 (1982), which states in pertinent part:

> (a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction * * *.

Taken together, the statutory provisions noted do not confer upon the Claims Court the power to review and overturn convictions. Rather, the court's jurisdiction to entertain a claim for money damages for unjust conviction arises only *after* the challenged conviction has been reversed, on grounds of innocence, by a court of competent jurisdiction or by Presidential pardon. *See generally Grayson v. United States*, 141 Ct.Cl. 866, 868–69 (1958). Because neither of those prerequisites has been met in this case, the court has no power to entertain any of plaintiff's requests for relief.

For the reasons stated, plaintiff's complaint is to be dismissed.