**SALMAN, Albert R., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 05–200 C.**

United States Court of Federal Claims.

Aug. 31, 2005.

Albert R. Salman, pro se.

Kelly B. Blank, Trial Attorney, United States Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director, Washington, D.C., for defendant.

## OPINION & ORDER

BUSH, Judge.

This case is before the court on Defendant's Motion to Dismiss, filed on April 11, 2005, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). The government contends, *inter alia*, that the complaint fails to allege a "money-mandating constitutional provision, statute or regulation providing Tucker Act[, 28 U.S.C. § 1491(a)(1) (2000),] jurisdiction," Def.'s Mot. at 7, and that Mr. Salman has not alleged facts which would give rise to jurisdiction under 28 U.S.C. § 1495 (2000).[1] For the reasons set forth herein, defendant's motion to dismiss is granted.

## BACKGROUND

Mr. Albert R. Salman was indicted on October 25, 1973 under 18 U.S.C. § 471 on a counterfeiting charge.[2] Mr. Salman entered a guilty plea and was subsequently convicted and sentenced by the United States District Court for the District of.Nevada on February 1, 1974. Plaintiff contends that the district court did not have jurisdiction over his criminal case and that his prosecution and conviction constitute fraud on the part of the government. Mr. Salman alleges that he would not have pled guilty if he had known that the court lacked subject matter jurisdiction.

1. Defendant also argues that this court's six-year statute of limitations, 28 U.S.C. § 2501 (2000), bars any claims based on plaintiff's 1974 conviction. Because the court has found no claims embodied in the complaint which are within this court's jurisdiction, the court need not address the statute of limitations argument.

On February 8, 2005, thirty-one years after his conviction, plaintiff filed a complaint in this court, sub-titled "For Void Judgment and Fraud." Mr. Salman alleges unjust conviction under 28 U.S.C. § 1495, as well as fraud and unlawful prosecution committed on the part of the federal government by means of a grand jury indictment. Compl. ¶¶ 2–3. Plaintiff asks the court to void his guilty plea, and requests damages for unlawful prosecution and unjust conviction, as well as for his costs in pursuing this action.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on April 11, 2005. Mr. Salman filed Plaintiff's Opposition to Defendant's Motion to Dismiss on May 19, 2005. Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss was filed on June 1, 2005. The court acknowledges that Mr. Salman is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed.Cir.1987). However, despite the court's liberal reading of plaintiff's complaint, defendant's motion to dismiss must be granted.

## DISCUSSION

### I. Standard of Review

#### A. *Pro Se* Litigants

*Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint thoroughly and attempted to discern all of plaintiff's claims. However, " '[t]here is no "duty on the part of the trial court ... to create a claim which [the plaintiff] has not spelled out in his pleading...." ' " *Scogin v. United*

2. The facts recited here are taken from plaintiff's filings and are undisputed by defendant for the purposes of the motion under consideration by the court.

*States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975) (quoting *Case v. State Farm Mut. Auto. Ins. Co.*, 294 F.2d 676, 678 (5th Cir.1961))).

### B. Subject Matter Jurisdiction under RCFC 12(b)(1)

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *see Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)), and must do so by a preponderance of the evidence, *see Reynolds*, 846 F.2d at 748. If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### II. Analysis

#### A. No Jurisdiction for Tort Claims

This court's jurisdiction, based on the Tucker Act, 28 U.S.C. § 1491(a)(1), is a grant of

> jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* The Tucker Act functions as a jurisdictional statute, but plaintiffs in this court must, in addition, found their substantive right to bring an action on a specific source of law. *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The United States Supreme Court decided

that this court may generally entertain a suit only if it is founded upon a claim for money allegedly due to the plaintiff from the government. *Id.* at 397–98, 96 S.Ct. 948; *see also Kanemoto v. Reno*, 41 F.3d 641, 644–45 (Fed.Cir.1994) (noting that, with limited exceptions, only monetary relief is available from this court).

■ This court does not possess authority to hear claims alleging tortious government misconduct. *See New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed.Cir.1989) (confirming that when "government misconduct alleged [i]s tortious, jurisdiction is not granted [to] the Claims Court"); *Carter v. United States*, 62 Fed.Cl. 66, 72 (2004) (stating that " '[t]he language of the statutes which confer jurisdiction upon the Court of Claims, excludes by the strongest implication demands against the government founded on torts' ") (quoting *Gibbons v. United States*, 8 Wall. 269, 75 U.S. 269, 275, 19 L.Ed. 453 (1868)). Here, plaintiff asserts fraud on the part of the federal government. Plaintiff alleges, in particular, that the government committed fraud by prosecuting and convicting him in a court that lacked subject matter jurisdiction.

Mr. Salman's claim is improperly before this court because an action for fraud lies in tort. *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997) (stating that claims "for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort"); *Caravella v. United States*, 9 Cl.Ct. 280, 285 (1985) (stating that plaintiff's allegation of fraud by the government sounded in tort), *aff'd*, 795 F.2d 1016 (Fed.Cir.1986). "It is well settled that the United States Court of Federal Claims lacks-and its predecessor the United States Claims Court lacked-jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir.1993). The court lacks jurisdiction because "[t]he Tucker Act expressly provides that the 'United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort.' " *Id.* (quoting 28 U.S.C. § 1491(a)(1) and adding emphasis). Therefore, because this court does not possess jurisdiction over tort claims,

plaintiff's claim that the federal government committed fraud must be dismissed.[3]

### B. No Jurisdiction Over Plaintiff's Unjust Conviction Claim, and No Power to Overturn Plaintiff's Conviction

This court may possess jurisdiction, under 28 U.S.C. § 1495, over a claim for compensation due to an unjust conviction and imprisonment, although this grant of jurisdiction is strictly construed. *Vincin v. United States*, 199 Ct.Cl. 762, 468 F.2d 930, 933 (1972) (citations omitted). The statute reads: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 1495 does not stand alone, however, and must be read in conjunction with 28 U.S.C. § 2513 (2000). *Grayson v. United States*, 141 Ct.Cl. 866, 869 (1958); *Lott v. United States*, 11 Cl.Ct. 852, 852 (1987).

> Section 2513 states, in pertinent part, that:
> a) Any person suing under section 1495 of this title must allege and prove that:
>> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction . . .

28 U.S.C. § 2513(a). For this court to have jurisdiction under section 1495, a plaintiff must allege that his conviction has been reversed or set aside by one of the means listed in section 2513. *See Grayson*, 141 Ct.Cl. at 869 ("When they are read together it becomes manifest that the sections confer juris-

diction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with."). Complaints which fail to plead that a plaintiff's conviction, alleged to have been "unjust," has been set aside by a court or authority with the power to do so must be dismissed for lack of jurisdiction. *See, e.g., Grayson*, 141 Ct.Cl. at 869; *Humphrey v. United States*, 52 Fed.Cl. 593, 598 (2002); *Lott*, 11 Cl.Ct. at 853; *cf. Dethlefs v. United States*, 60 Fed.Cl. 810, 814 (2004) (dismissing a section 1495 claim, which lacked an allegation that the conviction had been set aside, for failure to state a claim, rather than for lack of jurisdiction). And, this court has no power to set aside a criminal conviction rendered by another federal court. *Humphrey*, 52 Fed.Cl. at 596 ("This Court has no authority to re-examine in detail the facts surrounding a conviction or imprisonment; such matters are within the sole discretion of the appropriate (usually district) court or executive officer with the authority to reverse, set aside, or pardon a claimant's original conviction.") (citing *Rigsbee v. United States*, 204 F.2d 70, 73 n. 3 (D.C.Cir.1953)); *see Dethlefs*, 60 Fed.Cl. at 814 ("The unjust conviction statutes do not give the Court authority to review and overturn convictions entered by a court of competent jurisdiction.") (citing *Lucas v. United States*, 228 Ct.Cl. 862, 863 (1981); *Lott*, 11 Cl.Ct. at 853); *Lott*, 11 Cl.Ct. at 853 ("Taken together, the statutory provisions [sections 1495 and 2513] do not confer upon the Claims Court the power to review and overturn convictions.").

Here, Mr. Salman asks the court to compensate him for his "unjust" conviction but alleges no facts that would indicate that his conviction has been set aside. The court is thus without jurisdiction to entertain his claims for damages because of an allegedly

---

**3.** Plaintiff has also alleged unlawful prosecution on the part of the government, but has cited no money-mandating source of law that would afford him compensation for this alleged behavior of the government. Inasmuch as plaintiff's allegation might refer to the civil rights violations proscribed by 42 U.S.C. § 1983 (2000), this court has no jurisdiction over section 1983 claims.

*Berdick v. United States*, 222 Ct.Cl. 94, 612 F.2d 533, 536 (1979); *Marlin v. United States*, 63 Fed.Cl. 475, 476 (2005) (stating that this "[c]ourt does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts") (citations omitted).

"unjust" conviction. The court is also without power to void his conviction.[4]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1) Defendant's Motion To Dismiss, filed April 11, 2005, is **GRANTED**;

(2) The Clerk's office is directed to **ENTER** judgment for defendant, **DISMISSING** plaintiff's complaint, filed February 8, 2005, without prejudice; and

(3) Each party shall bear its own costs.

---

4. Lacking jurisdiction to review plaintiff's conviction in the district court, the court need not discuss plaintiff's arguments concerning the district court's lack of jurisdiction to convict him, and that he suffered from ineffective assistance of counsel.

