**Jabari ZAKIYA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–323 C.**

United States Court of Federal Claims.

Nov. 16, 2007.

Jabari Zakiya, Washington, DC, pro se.

Michael J. Dierberg, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Judge.

### I. Background

Pro se plaintiff Jabari Zakiya filed a complaint with this court May 24, 2007, alleging that the Bureau of Prisons (BOP) and Department of Justice (DOJ) illegally imprisoned him "for over 38 months ... until he was able to finally obtain his release on May 5, 1999, pursuant to a grant of habeas corpus" by the District Court for the Eastern District of Virginia. Plaintiff's Complaint (Compl. or Complaint) 1. On July 23, 2007, defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's Motion to Dismiss (Def.'s Mot. or Motion) 1. Defendant argues that the court lacks jurisdiction to adjudicate plaintiff's Complaint because "Mr. Zakiya has not alleged, and cannot demonstrate, a jurisdictional prerequisite for suit brought pursuant to [28 U.S.C. §§ ] 1495 and 2513, namely that his conviction was reversed or set aside upon the grounds of innocence." *Id.* Plaintiff responded to defendant's Motion on August 7, 2007, stating that defendant's argument "is inapplicable to the facts of this claim." Opposition to Motion to Dismiss and Motion to Amend Award Amount (Pl.'s Resp. or plaintiff's Response) 2. Defendant filed its reply to plaintiff's Response on August 22, 2007, restating its arguments presented in its Motion. Defendant's Reply Brief in Support of Its Motion to Dismiss (Def.'s Reply or defendant's Reply). Because the court finds that the statute of limitations bars plaintiff's Complaint and that plaintiff does not demonstrate that his conviction was reversed or set aside upon the grounds of innocence, this court does not have jurisdiction over his claims and therefore GRANTS defendant's Motion.

### II. Discussion

#### A. Legal Standards

The question of subject matter jurisdiction is a threshold issue that must be determined

at the outset of a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir.2007). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006) (citations omitted); *see* RCFC 12(h)(3).

The jurisdiction of the United States Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The statute of limitations for the Court of Federal Claims is set forth in section 2501 of title 28 of the United States Code. 28 U.S.C. § 2501 (2006), which states: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "The 6–year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir. 1988); *see John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345, 1354–55 (Fed. Cir.2006), *cert. granted in part,* —— U.S. ——, 127 S.Ct. 2877, 167 L.Ed.2d 1151 (2007).[1]

"A claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." *Creppel v. United States,* 41 F.3d 627, 631 (Fed.Cir.1994) (citing *Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States (Japanese War Notes Claimants),* 178 Ct.Cl. 630, 373 F.2d 356, 358 (1967)). To suspend the running of the statute of limitations "[p]laintiff must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." *Japanese War Notes Claimants,* 373 F.2d at 359 (footnote omitted). "Once plaintiff is on inquiry [notice] that [he] has a potential claim, the statute can start to run." *Id.*

■ Under the doctrine of equitable tolling, courts are allowed "to forgive a late filing where compelling circumstances indicate that such a result would be equitable." *Lombardo v. Sec'y of Health & Human Servs.,* 34 Fed.Cl. 21, 25 (1995). However, under Supreme Court precedent, equitable tolling is generally available in only two situations. The Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes omitted). Whether the *Irwin* case applies to claims limited by 28 U.S.C. § 2501 does not appear to be settled. *See John R. Sand & Gravel Co.,* 457 F.3d at 1354–55, *cert. granted in part,* —— U.S. ——, 127 S.Ct. 2877, 167 L.Ed.2d 1151.

■ Plaintiff filed his Complaint on May 24, 2007. Compl. 1. According to his Complaint, plaintiff was released from his allegedly illegal imprisonment on May 5, 1999. *Id.* Plaintiff, therefore, waited nearly eight years from the time that he was released from prison to file his Complaint. The Court of Federal Claims does not have jurisdiction to adjudicate cases that are filed six years after the time that the claim accrues. 28 U.S.C. § 2501. At the very latest, plaintiff's claim accrued on May 5, 1999 when plaintiff was

---

1. The court notes that the law regarding the limitation of subject matter jurisdiction by the statute of limitations is stated as of the date of this Opinion. The court recognizes that the law may change because the Supreme Court of the United States granted certiorari in *John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345 (Fed.Cir.2006), *cert. granted in part,* —— U.S. ——, 127 S.Ct. 2877, 167 L.Ed.2d 1151 (2007), to examine this very issue.

released from prison because "all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." *Creppel,* 41 F.3d at 631 (citing *Japanese War Notes Claimants,* 373 F.2d at 358). One could argue that plaintiff's claim accrued before that date because plaintiff claims his allegedly unjust imprisonment began on February 29, 1996. Compl. 2. Plaintiff was aware of the BOP's allegedly illegal actions at that time because he filed for and was granted habeas corpus by the Eastern District Court of Virginia. *Id.* at 1. In any case, however, it is clear that plaintiff's claim is barred by the statute of limitations because plaintiff filed his Complaint more than six years after the latest date that the court could conceivably view as the date of accrual of the action. The doctrine of equitable tolling does not apply here because plaintiff neither filed a defective pleading in a court during the statutory period nor alleged that he was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (footnote omitted).

The court finds that plaintiff's Complaint is barred because the statute of limitations has run.

### B. Plaintiff Does Not Meet the Jurisdictional Prerequisite for Suit Brought Pursuant to 28 U.S.C. §§ 1495 and 2513

Even if the statute of limitations had not run, the court, in the alternative, dismisses plaintiff's Complaint because plaintiff has not alleged facts that, when construed most favorably to plaintiff, meet the jurisdictional prerequisite for a suit brought pursuant to 28 U.S.C. §§ 1495 and 2513.

Defendant argues that the court lacks jurisdiction to adjudicate plaintiff's claims because plaintiff "does not allege, and cannot demonstrate, that his conviction has been reversed or set aside upon grounds of innocence." Def.'s Mot. 4. To support its argument, defendant quotes 28 U.S.C. § 1495: " '[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.' " *Id.* (quoting 28 U.S.C. § 1495). Defendant then states that "[f]or the Court of Federal Claims to have jurisdiction pursuant to [S]ection 1495, a plaintiff must allege that his conviction has been reversed or set aside for one of the reasons listed in [Section] 2513." Def.'s Mot. 4 (citing *Salman v. United States,* 69 Fed.Cl. 36, 39 (2005) (holding that Section 1495 does not stand alone and must be read in conjunction with Section 2513)). Defendant argues that plaintiff "has failed to plead or demonstrate that his conviction was reversed or set aside on the grounds of innocence," and that the court "should dismiss … plaintiff's claim pursuant to RCFC 12(b)(1)." Def.'s Mot. 6.

Section 2513 sets forth the procedures for pursuing a claim for damages in the Court of Federal Claims by a person unjustly convicted of an offense against the United States and imprisoned. 28 U.S.C. § 2513. Specifically, Section 2513 states:

> Any person suing under section 1495 of this title [28 U.S.C. § 1495] must allege and prove that: (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and (2) he did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

The grant of jurisdiction to the Court of Federal Claims over a claim for compensation for an unjust conviction and imprisonment is strictly construed. *Vincin v. United States,* 199 Ct.Cl. 762, 468 F.2d 930, 933 (1972) (citations omitted) (holding that "[t]he unjust conviction statute has always been strictly construed"). The Court of Federal Claims does not have the power to

review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment. *Humphrey v. United States,* 52 Fed.Cl. 593, 596 (2002) ("This Court has no authority to re-examine in detail the facts surrounding a conviction or imprisonment; such matters are within the sole discretion of the appropriate (usually district) court or executive officer with the authority to reverse, set aside, or pardon a claimant's original conviction."); *Lott v. United States,* 11 Cl.Ct. 852, 853 (1987) ("Taken together, the statutory provisions [28 U.S.C. §§ 1495 and 2513] do not confer upon the Claims Court the power to review and overturn convictions.").

▄▄▄ The Court of Federal Claims may hear a claim for money damages for unjust imprisonment only after a court has reversed a plaintiff's conviction on the grounds of innocence or if the President of the United States has pardoned the plaintiff. *Brown v. United States,* 42 Fed.Cl. 139, 141–42 (1998) (holding that, because plaintiff could not demonstrate that his conviction had been reversed or set aside on grounds of innocence, plaintiff "failed to meet the threshold for any potential recovery" under 28 U.S.C. §§ 1495 and 2513); *Lott,* 11 Cl.Ct. at 853 (holding that "the court's jurisdiction to entertain a claim for money damages for unjust conviction arises only *after* the challenged conviction has been reversed, on grounds of innocence, by a court of competent jurisdiction or by Presidential pardon").

Plaintiff does not allege that his conviction was reversed or set aside upon the grounds of his innocence. Pl.'s Compl. *passim;* Pl.'s Resp. *passim.* He does not allege that he was found innocent in a new trial; nor does he allege that the President of the United States pardoned him. *Id.* Plaintiff has failed to plead or demonstrate that his conviction was reversed or set aside on the grounds of innocence, as required by 28 U.S.C. §§ 1495 and 2513. Because plaintiff fails to fulfill the requirements set out by 28 U.S.C. §§ 1495 and 2513, the court lacks jurisdiction to adjudicate his claim. Accordingly, the court must dismiss plaintiff's Complaint.

III. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. The Clerk of the Court shall ENTER JUDGMENT DISMISSING plaintiff's complaint.

IT IS SO ORDERED.