**Phu Mang PHANG, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–647C.**

United States Court of Federal Claims.

June 12, 2009.

---

Phu Mang Phang, San Gabriel, CA, pro se.

Robert E. Chandler, with whom were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Chief Judge.

Before the court are defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (defendant's Motion or Def.'s Mot.), filed November 14, 2008, plaintiff's Motion for Summary Judgment and Supporting Documents (plaintiff's Motion or Pl.'s Mot.), filed December 17, 2008,[1] plaintiff's Proposed Findings of Uncontroverted Fact (plaintiff's Facts or Pl.'s Facts), filed December 17, 2008, plaintiff's Opposition to Defendant's Motion to Dismiss (plaintiff's Response or Pl.'s Resp.), filed January 6, 2009, defendant's Opposition to Plaintiff's Motion for Summary Judgment (defendant's Response to plaintiff's Motion or Def.'s Resp. to Pl.'s Mot.), filed March 11, 2009, Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact (defendant's Response to plaintiff's Facts or Def.'s Resp. to Pl.'s Facts), filed March 11, 2009, Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (defendant's Reply or Def.'s Reply), filed April 2, 2009, and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment (plaintiff's Reply or Pl.'s Reply), filed April 3, 2009.

I. Background

Plaintiff, Phu Mang Phang, pro se, filed a complaint (Complaint or Compl.) with this court on September 12, 2008. Compl. 1. Plaintiff alleges three main causes of action against the United States for fraud, fraud in the inducement, and breach of contract. Compl. 1. These claims arise out of the alleged breach by the United States of a plea agreement it made with plaintiff after his indictment for federal conspiracy and drug charges under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (2006). Compl. ¶¶ 6–10. Plaintiff also alleges unjust conviction and imprisonment. Pl.'s Mot. 7. Mr. Phang claims that this court has exclusive jurisdiction over these violations under the Tucker Act, 28 U.S.C. § 1491 (2006), and under 28

---

1. The court deferred consideration of plaintiff's Motion for Summary Judgment and Supporting Documents (plaintiff's Motion or Pl.'s Mot.) in order first to consider defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (defendant's Motion or Def.'s Mot.). Given the court's disposition of defendant's Motion, the arguments in plaintiff's Motion are moot.

U.S.C. §§ 2465 and 1495 (2006).[2] Compl. ¶ 1; Pl.'s Mot. 7. He seeks $2,050,000 in damages or the return of his property seized by the United States (with interest), and "any other relief that the court deems fair and equitable." [3] Compl. ¶ 17, Exhibit (Ex.) A (Asset Itemization).

Plaintiff was arrested on August 25, 2005 during a Drug Enforcement Administration undercover drug sting. Compl. ¶ 6; Pl.'s Facts Ex. A 8–9. According to plaintiff, over $2,000,000 of his property was seized in conjunction with his arrest.[4] Compl. ¶ 14. Mr. Phang was indicted on three counts on September 9, 2005. Compl. ¶ 14. Count one charged conspiracy to possess with the intent to distribute and conspiracy to distribute cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; count two charged attempt to possess with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(A); and count three subjected certain of Mr. Phang's property used to facilitate the commission of the offense, or derived from the offense, to criminal forfeiture under 21 U.S.C. § 853 (2006). Pl.'s Facts Ex. B 1, 4–5.[5]

On August 11, 2006, Mr. Phang executed a plea agreement with the United States Attorney's Office for the Central District of California (USAO) in which he agreed to plead guilty to count one of the indictment and the USAO agreed to "move to dismiss the remaining count of the indictment" at the time of sentencing. Compl. Ex. B ¶¶ 17–18. In addition to this express agreement, plaintiff alleges an implied-in-fact contract with the USAO to return his seized or forfeited property. Pl.'s Reply 1–2. On August 15, 2006, Mr. Phang pled guilty to count one of the indictment. Compl. Ex. B; Def.'s Resp. Ex. 1 ¶ 3. The United States District Court for the Central District of California dismissed the remaining two counts of the indictment on June 25, 2007. Pl.'s Facts Ex. D.

According to plaintiff, he complied with his obligations under the contract by pleading guilty to count one, but the USAO breached the plea agreement by failing to return his

---

**2.** Mr. Phang claims that this court also has jurisdiction under 28 U.S.C. §§ 1355, 2674, 1346, and 1331 (2006). Complaint (Compl.) ¶ 1. None of these statutes grants jurisdiction to this court in this case. Section 1355 grants original jurisdiction to the *district* courts over "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture." 28 U.S.C. § 1355(a). Section 2674 waives the immunity of the United States for tort claims, 28 U.S.C. § 2674, which this court cannot hear, *see* 28 U.S.C. § 1491(a)(1) (2006) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*.") (emphasis added). Section 1346 grants original jurisdiction to the district courts, concurrent with this court, over the recovery of internal revenue tax and "[a]ny other civil action or claim against the United States, *not exceeding $ 10,000 in amount*." 28 U.S.C. § 1346(a)(2) (emphasis added). Plaintiff here requests the return of his property, or damages in the amount of $2,050,000, an amount far exceeding the $10,000 limit. Compl. ¶ 17. Section 1331 grants original jurisdiction to *district* courts of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because plaintiff limited his jurisdictional claims to 28 U.S.C. §§ 1491, 1495 and 2465 in his Opposition to Defendant's Mo-

tion to Dismiss (plaintiff's Response or Pl.'s Resp.) and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment (plaintiff's Reply or Pl.'s Reply), the court will limit its discussion of jurisdiction to these three statutes. *See* Pl.'s Resp. 2; Pl.'s Reply 1.

**3.** Where applicable, the court has changed quotations from plaintiff's briefings to conform to conventional capitalization, spelling and grammar.

Plaintiff also requests that this court "rescind the [plea] agreement … release plaintiff," and award "reasonable monetary compensation" for plaintiff's time spent in prison and punitive damages. Compl. ¶ 4, 17. In his Response, plaintiff appears to renounce these requests, noting, "This action is a breach of contract action requesting specific performance of the release from forfeiture of assets which were seized … nowhere within this complaint does plaintiff request release of anything with the exception of his seized property." Pl.'s Resp. 5.

**4.** According to plaintiff, the seized property includes United States currency, jewelry, legal and business documents, a vehicle and a computer. Compl. Exhibit (Ex.) A (Asset Itemization).

**5.** Plaintiff is also known as Larry Lam and Phu Phan and is referred to as Larry Lam in plaintiff's Facts Ex. B. *See* Pl.'s Facts Ex. D (Judgment Document).

property upon the dismissal of count three of the indictment.[6] Compl. ¶ 10. Plaintiff further alleges that the USAO fraudulently induced him to enter the plea agreement by promising to return certain of his assets in police custody and to pursue a lighter sentence. Compl. ¶ 14.

Defendant moves, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), that the court dismiss plaintiff's Complaint for lack of subject matter jurisdiction, or, in the alternative, for summary judgment under RCFC 56. Def.'s Mot. 1. Defendant asserts that, because Mr. Phang's fraud claims sound in tort, this court lacks jurisdiction to hear them under the Tucker Act. *Id.* at 2. Furthermore, the government maintains that the USAO complied with the contract by moving to dismiss count three of the indictment, and that there were no other agreements between the USAO and Mr. Phang, because the plea agreement states, " 'Except as set forth [in this plea agreement], there are no promises, understandings or agreements between the [USAO] and defendant or defendant's counsel.' " [7] Def.'s Resp. to Pl.'s Mot. 2 (citing Compl. Ex. B ¶ 24). Defendant further asserts that this court lacks jurisdiction to hear Mr. Phang's breach of contract claim because he fails to show that the plea agreement " 'clearly and unmistakably subjects the government to monetary liability for breach.' " Def.'s Mot. 5 (quoting *Sanders v. United States* (*Sanders*), 252 F.3d 1329, 1335 (Fed. Cir.2001)). The government also maintains that plaintiff's breach of contract claim must be dismissed because plaintiff did not meet the heightened pleading standard required by RCFC 9(k) [8] properly to allege a breach

of contract with the United States. *Id.* at 6. Finally, defendant contends that, because Rule 41(g) of the Federal Rules of Criminal Procedure (Fed.R.Crim.P.) provides the exclusive means for plaintiff to obtain the return of his property seized during a criminal investigation, this court lacks jurisdiction of plaintiff's claim for return of his property. *Id.* at 7.

## II. Legal Standards

The question of whether this court has subject matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "If this court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States* (*Matthews*), 72 Fed.Cl. 274, 278 (2006); *see* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "When a party challenges the jurisdictional facts alleged in the complaint, the court may consider relevant evidence outside the pleadings to resolve the factual dispute." [9] *Arakaki v. United States*, 62 Fed.Cl. 244, 247 (2004) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988) and *Indium Corp. of Am. v. Semi–Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir.1985)).

The jurisdiction of the United States Court of Federal Claims (USCFC) is set forth in the Tucker Act, 28 U.S.C. § 1491. This court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

**6.** Plaintiff also alleges that the United States Attorney's Office (USAO) breached the contract by failing to obtain the prison term agreed upon in the plea agreement and by failing to seek "a lighter sentence through appellate review." Compl. ¶¶ 10, 12, 15. Because plaintiff does not seek relief related to these allegations, this court will not address them. *See supra* note 3.

**7.** That plaintiff and defendant entered a plea agreement is undisputed. Compl. Ex. B; Def.'s Resp. to Pl.'s Facts 2 ("[D]efendant agrees that it entered a plea agreement with Mr. Phang. . . ."). Because defendant does not contest the authenticity of the plea agreement attached to plaintiff's

complaint (and cites to it without reservation), the court views the content of the plea agreement to be undisputed.

**8.** *See* RCFC 9 Rules Committee Notes (2008) ("former subdivision (h) . . . comprised of paragraphs (1) through (7), has been reorganized as separate subdivisions (i) through (*o*) . . .").

**9.** Except as otherwise indicated by the text or context, facts cited to the filings of only one party do not appear to be disputed in connection with the pending motion. The court recites only the facts relevant to the present decision.

upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The USCFC does not have jurisdiction "'over tort actions against the United States.'" *Gimbernat v. United States* (*Gimbernat*), 84 Fed.Cl. 350, 353 (2008) (quoting *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997)).

Although "[t]he Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages ... the plaintiff must establish an independent substantive right to money damages from the United States ... in order for the case to proceed." *Intersport Fashions W., Inc. v. United States* (*Intersport*), 84 Fed.Cl. 454, 456 (2008) (citing *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). In this case, plaintiff must show a money-mandating source within 28 U.S.C. § 2465, the statute upon which he bases his wrongful forfeiture claim.

"The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." *Kania v. United States* (*Kania*), 227 Ct.Cl. 458, 464, 650 F.2d 264, 268 (Ct.Cl.1981). A damages remedy is not ordinarily available for breach of an agreement reached in a criminal case, such as the plea agreement between Mr. Phang and the USAO. *See Sanders,* 252 F.3d at 1334. For a contract made in the context of a criminal case, "liability [of the United States] should not be implied, and could exist only if there was an unmistakable promise to subject the United States to monetary liability." *Id.* at 1336. In other words, in order for Mr. Phang to prevail on his breach of contract claim, he must show that the "agreement clearly and unmistakably subjects the government to monetary liability for breach." *See id.* at 1335. Furthermore, in pleading a claim founded on a contract, plaintiff must, "identify the substantive provisions of the contract or treaty on which the party relies." RCFC 9(k).

A plaintiff bears the burden of proof to establish subject matter jurisdiction.

*McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Russell v. United States,* 78 Fed.Cl. 281, 285 (2007). As a general matter, complaints filed by pro se plaintiffs are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States,* 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (Table) (emphasis in original).

### III. Discussion

#### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

This court lacks jurisdiction over plaintiff's claims of fraud, wrongful forfeiture and breach of contract because none falls under the Tucker Act, 28 U.S.C. § 1491. The court lacks jurisdiction over plaintiff's wrongful conviction or wrongful imprisonment claim alleged under 28 U.S.C. § 1495 because no court has reversed plaintiff's conviction on the grounds of innocence. Because the court lacks subject matter jurisdiction over plaintiff's claims, it must dismiss plaintiff's complaint. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added); *Matthews,* 72 Fed.Cl. at 278.

#### 1. No Tucker Act Provisions Apply in This Case

For the following reasons, this court has no jurisdiction under the Tucker Act to hear plaintiff's claims for fraud, fraud in the inducement, and breach of contract. Nor does the Tucker Act give this court jurisdiction to hear plaintiff's claim arising under 28 U.S.C. § 2465.

#### a. The Court Lacks Jurisdiction to Hear Tort Claims

Plaintiff's claims for fraud and fraud in the inducement sound in tort. *See* Compl. ¶¶ 13, 14–16; *Hufford v. United States,* 85

Fed.Cl. 607, 608 (2009) (holding that fraud is a tort claim outside the jurisdiction of the USCFC). The Tucker Act specifically excludes tort claims from the jurisdiction of this court. 28 U.S.C. § 1491(a)(1). The Federal Tort Claims Act (FTCA) grants United States district courts exclusive jurisdiction to hear tort claims against the United States. 28 U.S.C. §§ 1346(b)(1), 2671–80 (2006); *Gimbernat*, 84 Fed.Cl. at 355 (noting that the FTCA grants district courts exclusive jurisdiction over tort claims against the United States).

Plaintiff argues that *Awad v. United States* (*Awad*), 301 F.3d 1367 (Fed.Cir.2002) allows this court to exercise jurisdiction over his tort claims because they are not independent tort claims, but stem from his breach of contract claim. Pl.'s Resp. 4 (citing *Awad*, 301 F.3d 1367). While the plaintiff's tort claims in *Awad* lacked "a basis independent of his alleged contract with the government," *Awad*, 301 F.3d at 1373, Mr. Phang's tort claims are entirely separate from his breach of contract claims. The government's duty not to commit fraud arises separately from (and prior to) its plea bargain contract with the plaintiff, and plaintiff does not allege or provide evidence that his damages arose from the "negligent manner in which the [d]efendant performed its contract." *Cf. SGS–92–X003 v. United States*, 85 Fed.Cl. 678, 707 (2009). Because plaintiff's tort claims for fraud and fraud in the inducement are independent of his contract claim, they are tort claims not subject to the jurisdiction of the court and must be dismissed.

b. The Court Lacks Jurisdiction Over Plaintiff's Claims Arising Under 28 U.S.C. § 2465

■ This court lacks jurisdiction over plaintiff's wrongful forfeiture claim. Plaintiff bases his wrongful forfeiture claim on 28 U.S.C. § 2465, which reads in relevant part:

Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law—(1) such property shall be returned forthwith to the claimant.

. . .

28 U.S.C. § 2465(a); *see* Pl.'s Reply 3. Plaintiff also claims that, upon the dismissal of count three of the indictment—the forfeiture count—defendant was obligated under § 2465 "to return all seized assets 'forthwith.'" Pl.'s Resp. 4. Defendant maintains that § 2465 does not apply because plaintiff has not alleged that he has prevailed in a forfeiture proceeding as required by that statute. Def.'s Reply 2.

The court agrees with defendant that, in documenting the dismissal of count three of the indictment, plaintiff has not properly alleged that he has prevailed in a forfeiture proceeding. *See* Def.'s Reply 2. However, even if plaintiff had prevailed, this court's ability to review forfeiture claims for money damages is limited.[10] *See Vereda, Ltda. v. United States* (*Vereda*), 271 F.3d 1367, 1375 (Fed.Cir.2001) (noting that Congress created a statutory scheme providing wrongful forfeiture claimants with opportunity to challenge the merits of civil in rem forfeiture both administratively and before the district courts, evincing Congressional intent to preempt Tucker Act jurisdiction over a money claim challenging administrative forfeiture of property seized under 21 U.S.C. § 881 (2006)); *see also Crocker v. United States* (*Crocker*), 37 Fed.Cl. 191, 201 (1997) (no jurisdiction in the USCFC for claim of wrongful forfeiture of U.S. currency and savings bonds seized pursuant to search warrant and arrest on charge of possession of controlled substances).

It is not clear in this case what actually became of Mr. Phang's property: whether it was forfeited under 21 U.S.C. § 853 despite dismissal of the forfeiture count, whether it

---

**10.** Plaintiff also asked for the return of his property. *See supra* Part I. However, this court "does not have jurisdiction to grant specific performance in this non-bid-protest context 'unless it is tied and subordinate to a monetary award.'" *Saguaro Chevrolet, Inc. v. United States*, 77 Fed. Cl. 572, 573 n. 3 (2007) (quoting *Martinez v.*

*United States*, 26 Cl.Ct. 1471, 1476 (1992)). Because the court has not awarded money damages in this case, it does not reach the question whether plaintiff's specific performance request would be "tied and subordinate to" his requested monetary relief.

was forfeited under 21 U.S.C. § 881 or under another statute, or whether it was forfeited by another procedure, of which this court is unaware. Mr. Phang alleges that the property was not returned to him, an allegation that, in considering a motion to dismiss, the court assumes to be true. *Intersport*, 84 Fed.Cl. at 455 ("In deciding a motion to dismiss pursuant to RCFC 12(b)(1), 'the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" (quoting *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995))). The government states that, by moving to dismiss the forfeiture count, the USAO made no promises that it "would not employ means other than the criminal forfeiture described in Count Three of the indictment to obtain forfeiture of Mr. Phang's property." Def.'s Resp. to Pl.'s Mot. Ex. 1 ¶ 4. Plaintiff states that he is challenging the district court's "abuse of Title 19 used as a substitute for criminal forfeiture," suggesting that perhaps his property was forfeited under a subsection of that title of the United States Code.[11] Pl.'s Mot. 9. However, the court does not have before it information sufficient to permit it to determine what type of forfeiture is at issue, whether *in rem* or *in personam* (if the property was indeed forfeited). In *Vereda*, the Federal Circuit stated:

> An *in personam* forfeiture results from a proceeding against the property owner, not the property itself, and is meant to punish the property owner for criminal conduct. However, in an *in rem* forfeiture ... the guilt or innocence of the property owner is irrelevant in view of the fact that the action resulting in forfeiture is "directed against [the] 'guilty property,' rather than against the offender himself."

*Vereda*, 271 F.3d at 1376 (citations omitted) (quoting *United States v. Bajakajian*, 524 U.S. 321, 330, 118 S.Ct. 2028, 141 L.Ed.2d

314 (1998)). For purposes of this motion, it is irrelevant how plaintiff's property was forfeited, and the court lacks jurisdiction regardless.

If the forfeiture of Mr. Phang's property was civil *in rem*, *Vereda* controls, and this court lacks jurisdiction to challenge the merits of the forfeiture because Congress preempted Tucker Act jurisdiction in this area. *See Vereda*, 271 F.3d at 1375. If the forfeiture of Mr. Phang's property was criminal *in personam*, this court is likewise without jurisdiction to hear the claim. In *Maracalin v. United States*, an order for forfeiture of the plaintiff's property was entered by the district court under § 853 in conjunction with the plaintiff's criminal prosecution and sentence for drug violations. *Maracalin v. United States (Maracalin)*, 52 Fed.Cl. 736, 743 (2002). Plaintiff sought return of his property and money damages in the USCFC. *Id.* at 737. The court held that it had "no jurisdiction over actions contesting criminal forfeiture procedures," reasoning that, because the court has no criminal jurisdiction, it likewise cannot exercise jurisdiction over criminal forfeiture claims. *Id.* at 743 (citing *Vereda*, 271 F.3d at 1367 and *Crocker*, 125 F.3d at 1477). The court agrees with the *Maracalin* court that, to the extent that Mr. Phang contests forfeiture of his property as a criminal penalty, this court does not have jurisdiction to hear the claim.

If Mr. Phang's property was never forfeited at all, then, as noted by defendant, Rule 41(g) of the Federal Rules of Criminal Procedure provides Mr. Phang the appropriate remedy. *See* Def.'s Mot. 7. Rule 41(g) provides, "A person aggrieved by ... the deprivation of property may move for the property's return," and requires that plaintiff file a motion in the district where the property was seized, precluding this court from exercising jurisdiction. Fed.R.Crim.P. 41(g); *Carter v.*

---

11. Plaintiff attached to his Proposed Findings of Uncontroverted Facts (plaintiff's Facts, or Pl.'s Facts) a letter he wrote to the United States Department of Justice requesting the return of his property "associated with [the department's] seizure and subsequent detention in connection with [the department's] prosecution of Mr. Phang." Pl.'s Facts Ex. E. Because plaintiff referenced Title 19 of the United States Code in his Motion, it is possible that the letter was sent in order to state an interest in property seized (*see* 19 U.S.C. § 1608 (2006)) under that title after notice of the seizure was publicized but prior to forfeiture under 19 U.S.C. § 1609. If so, *Vereda, Ltda. v. United States*, 271 F.3d 1367 (Fed.Cir. 2001) controls, as forfeiture under 19 U.S.C. § 1609 was at issue in that case, which found no jurisdiction in the United States Court of Federal Claims.

*United States,* 62 Fed.Cl. 365, 369 (2004). For purposes of deciding this motion, it is irrelevant how plaintiff's property came under continuing government control. Whether the property was forfeited or simply seized and held, this court lacks jurisdiction over plaintiff's wrongful forfeiture claim.

■ Furthermore, Mr. Phang has not argued, and this court does not find, that 28 U.S.C. § 2465 is a money-mandating statute providing jurisdiction under the Tucker Act to award as damages the value of property forfeited by the government. In order to prove a claim arising under a statute, plaintiff must show that the statute is money mandating. *Worthington v. United States,* 168 F.3d 24, 26 (Fed.Cir.1999) ("To fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages."). If the statute "relied on by plaintiff as the basis of a claim is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the claim due to the lack of subject matter jurisdiction." *Intersport,* 84 Fed.Cl. at 456.

Section 2465(a)(1) provides that if judgment is entered for the claimant in a forfeiture proceeding, the property "shall be returned forthwith to the claimant." 28 U.S.C. § 2465(a)(1). Thus, § 2465(a)(1) provides only for the return of property and is not reasonably amenable to the reading that it is money mandating. The Federal Circuit has determined that § 2465 did not waive the sovereign immunity of the United States to a claim for damages for depreciation of a vehicle wrongfully forfeited during the plaintiff's prison term. *United States v. One 1979 Cadillac Coupe De Ville (One Cadillac),* 833 F.2d 994, 999 (Fed.Cir.1987). The court reasoned, "If Congress had intended the government not only to return the seized property but also to make the claimant whole" by awarding damages, Congress would have so provided in that section of the statute, because other provisions of the statute "expressly deal[ ] with other financial aspects of a forfeiture proceeding." *Id.* at 998. Had Congress intended § 2465 to provide a damages remedy alternative to the return of

plaintiff's wrongfully forfeited property, it would have so indicated in the statute. As the Federal Circuit noted in *One Cadillac,* "The major purpose of the statute 'is to protect against liability for costs or damages on account of the institution of such proceedings where there is reasonable cause for instituting them,'" suggesting that § 2465 was not intended to be money-mandating, but rather intended to award the return of property as a way to avoid imposing liability upon the United States for money damages. *Id.* at 999 (quoting *United States v. Tito Campanella Societa Di Navigazione,* 217 F.2d 751, 756 (4th Cir.1954)). For the foregoing reasons, this court does not have jurisdiction over plaintiff's wrongful forfeiture claim under 28 U.S.C. § 2465. The statute is not reasonably amenable to being interpreted as a money-mandating source where the plaintiff (as an alternative to the return of his property) seeks the value of his forfeited property as damages.[12]

c. The Court Lacks Jurisdiction Over Plaintiff's Criminal Plea Bargain and Implied–in–Fact Contract Claims

■ This court lacks jurisdiction over plaintiff's contract claims, both for breach of the express language of the criminal plea bargain and for breach of any implied-in-fact agreement between Mr. Phang and the USAO for return of his property. "The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." *Kania,* 227 Ct.Cl. at 464, 650 F.2d at 268. Furthermore, the "sovereign's consent to be sued cannot be implied but must be unequivocally expressed." *Id.* at 466, 650 F.2d at 269. In *Kania,* the plaintiff allegedly entered into an agreement with an Assistant United States Attorney to appear before a grand jury in exchange for a promise that he would not be prosecuted. *Id.* at 460, 650 F.2d at 266. The plaintiff was later informed that he was also a target of the grand jury investigation, and brought suit in the United States Court of Claims (predecessor to this

---

**12.** The foregoing assumes that plaintiff's property was forfeited. *See supra* Part III.A.1.b.

court) seeking damages for breach of contract. *Id.* at 461–62, 650 F.2d at 266–67. The court held:

> [Although it is] possible to make a binding contract subject to Tucker Act jurisdiction, creating a liability for breach of a plea bargaining agreement . . . . in such a case, the court would look for specific authority in the [Assistant United States Attorney] to make an agreement obligating the United States to pay money, and spelling out how in such a case the liability of the United States is to be determined.

*Id.* at 465, 650 F.2d at 268. The court held that, because the plaintiff had shown neither such authority in the Assistant United States Attorney, nor a provision of the agreement setting out how liability was to be determined, the court lacked jurisdiction. *Id.* at 466, 650 F.2d at 269.

In *Sanders*, a pro se plaintiff convicted of mail fraud alleged that the United States Attorney breached an agreement with him concerning his release on bail after trial. *Sanders*, 252 F.3d at 1331. The court held that, under *Kania*, the Tucker Act only provides jurisdiction for contracts made in the context of criminal prosecution if the contract "clearly and unmistakably subjects the government to monetary liability for breach." *Id.* at 1335. In interpreting *Kania* and *Sanders*, subsequent decisions have stated that, "[b]ecause administering the criminal justice system is an activity that lies at the heart of sovereign action, breach of contract arising out of the criminal justice system does not ordinarily give rise to an action under the Tucker Act for damages." *Sadeghi v. United States*, 46 Fed.Cl. 660, 662 (2000) (citing *Drakes v. United States*, 28 Fed.Cl. 190, 193 (1993)). Accordingly, while it is possible that a contract made in the context of criminal prosecution would give rise to jurisdiction under the Tucker Act, Mr. Phang must prove that the USAO had authority to make a contract subjecting the United States to money damages, and point to specific provisions of the contract setting out how the liability of the United States is to be determined.

Mr. Phang has not properly alleged a contract that could be viewed as money-mandating under *Kania* and *Sanders*. While plaintiff has shown that a plea agreement does exist, he fails to prove the *Sanders* requirements for breach of contract claims where the contract is an agreement reached in a criminal case. Plaintiff has not shown specific authority in the USAO to make an agreement "obligating the United States to pay money," nor that the agreement sets out how the liability of the United States is to be determined. *See Kania*, 227 Ct.Cl. at 465, 650 F.2d at 268. Neither does the plea agreement "clearly and unmistakably" subject the government to monetary liability for any breach. *See Sanders*, 252 F.3d at 1335; Pl.'s Compl. Ex. B *passim*.

The "clearly and unmistakably" standard applies with equal force to an implied-in-fact contract as to an express contract. *See Sanders*, 252 F.3d at 1334 (noting that the court-approved stipulated order at issue could be fairly characterized as an " 'express or implied in fact' contract," yet finding no jurisdiction in the USCFC). Although Mr. Phang alleges an implied-in-fact contract with the USAO to return his property upon the dismissal of count three of the indictment, he did not articulate the specific terms contained in that agreement.[13] *See* Pl.'s Reply 2. He also did not show that the alleged implied-in-fact agreement contained any provisions that would "clearly and unmistakably" subject the government to monetary liability for breach. *See Sanders*, 252 F.3d at 1335; Pl.'s Reply *passim*.

Finally, Mr. Phang has not met the standard for pleading a contract claim set out in RCFC 9(k). Although plaintiff bases his claim on the plea agreement he concluded with the USAO and an additional implied-in-fact contract, he does not point to any specif-

---

**13.** Even if Mr. Phang could show that he had an implied-in-fact contract with the USAO that clearly and unmistakably required the government to pay damages for breach, it would be ineffective because the plea bargain agreement contained a merger clause. The merger provision reads, "Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel," explicitly foreclosing the possibility of additional implied agreements. Compl. Ex. B ¶ 24; *see supra* Part I.

ic provisions of the plea agreement or alleged implied-in-fact agreement that would require defendant to return his property. *See* Pl.'s Compl. *passim;* Pl.'s Mot. *passim;* Pl.'s Facts *passim;* Pl.'s Resp. *passim;* Pl.'s Reply *passim.* Because plaintiff fails adequately to plead a contract claim under RCFC 9(k) and because he has failed to show that the plea agreement and implied-in-fact contract satisfy the *Sanders* and *Kania* standards for waiver of sovereign immunity when a contract in a criminal context is at issue, this court lacks jurisdiction to hear plaintiff's breach of contract claim.

### 2. The Court Lacks Jurisdiction Over Plaintiff's Wrongful Conviction Claim

 This court has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 2513 of title 28 of the United States Code sets out the procedures for pursuing a claim for damages under § 1495. 28 U.S.C. § 2513 (2006). Specifically, § 2513 states:

Any person suing under section 1495 of this title [28 U.S.C. § 1495] must allege and prove that: (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). The grant of jurisdiction to this court over a claim for unjust conviction and imprisonment is "strictly construed." *Zakiya v. United States (Zakiya ),* 79 Fed.Cl. 231, 234 (2007) (citing *Vincin v. United States,* 199 Ct.Cl. 762, 766, 468 F.2d 930, 933 (Ct.Cl.1972)). The USCFC has no authority to overturn convictions or to review

in detail the facts surrounding a conviction or imprisonment. *Humphrey v. United States,* 52 Fed.Cl. 593, 596–98 (2002). This court may hear a claim for money damages for unjust imprisonment only after a court has reversed a plaintiff's conviction on the grounds of innocence or if the President of the United States has pardoned the plaintiff. *Zakiya,* 79 Fed.Cl. at 235. Mr. Phang does not allege that his conviction was reversed or set aside on grounds of innocence, nor that he has been pardoned by the President of the United States. *See* Pl.'s Compl. *passim;* Pl.'s Mot. *passim;* Pl.'s Facts *passim;* Pl.'s Resp. *passim;* Pl.'s Reply *passim.* As plaintiff's complaint fails to make allegations sufficient to support claims under either § 1495 or § 2513, the court lacks jurisdiction to adjudicate either his wrongful conviction or wrongful imprisonment claim.

### B. Transfer

 Although not requested to do so by plaintiff, the court considers *sua sponte* whether "it is in the interest of justice" to transfer plaintiff's suit to another court of the United States. *See* 28 U.S.C. § 1631 (2006). Section 1631 of title 28 of the United States Code describes the circumstances in which such a transfer would be appropriate:

Whenever a civil action is filed in a court as defined in section 610 of this title … and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added); *see Skillo v. United States,* 68 Fed.Cl. 734, 744 (2005). The court determines that it is not in the interest of justice to transfer any of Mr. Phang's claims. It is the court's view that plaintiff's tort claims are unlikely to be meritorious in another court of the United States. Similarly, it is the court's view that plaintiff's wrongful forfeiture claims under § 2465 are also unlikely to be meritorious in another

court of the United States. *See supra* Part III.A.1.b (noting that § 2465 does not apply because plaintiff has not alleged that he has prevailed in a forfeiture proceeding). The court also views plaintiff's contract claim as without merit. *See supra* Part III.A.1.c (noting that plaintiff fails to show that the government breached its plea agreement). Finally, the statute under which plaintiff pleads his wrongful conviction claim vests jurisdiction in the USCFC, and thus transfer to any other court is inappropriate. *See* 28 U.S.C. § 1631 (If the "court finds that there is a *want* of jurisdiction ... the court shall ... transfer such action.") (emphasis added); *supra* Part III.A.2. For the foregoing reasons, the court finds that transfer in this case is not in the interest of justice and, accordingly, declines to transfer this case to another court.

IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED. Other pending motions are therefore MOOT. The Clerk of the Court shall DISMISS plaintiff's Complaint. No costs.

IT IS SO ORDERED.