Opinion

per curiam:

The plaintiff sues for damages arising from alleged illegal acts of judicial and executive officers of the United States.
The plaintiff alleges that he “was transferred to a mental hospital for Federal Prisoners illegally and improperly; that he was forcibly detained in violation and deprivation of his right to a speedy trial; by and on the order of the above-named respondents; that by reason of this act the plaintiff was damaged in the amount of $514,660.00, and prays * * * for a judgment in this amount * *
In the style of the case are named James C. Connell, James J. Carroll and William R. O’Malley, all of Cleveland, Ohio.
In his brief in support of the petition, plaintiff further recited that from July 17,1980, until July 17,1957, he was a registered pharmacist of good professional standing in the State of Ohio; that on the latter date the Ohio State Board of Pharmacy failed to reregister the plaintiff, “giving as the reason your recent commitment to an institution’; that the plaintiff was committed to the Ohio State Receiving Hospital by reason of the respondents exercising power over insanity and incompetency, in violation of the Constitution (Amendment X reserves this power to the States); that the respondents forced the plaintiff to submit to examinations by psychiatrists for the purpose of forcing commitment of the plaintiff to a mental institution in lieu of trial by jury; that this illegal and improper use of power results in the plaintiff being denied his right to work at his profession.”
It is further alleged that on or about February 9, 1956, plaintiff was arrested and indicted for violation of section 876, Title 18 U. S. C.; that before arraignment, on motion of the prosecution, the District Court for the Northern District of Ohio, on April 4, 1956, ordered plaintiff committed to the United States Medical Center for Federal Prisoners; that although the Medical Center found the plaintiff competent, the District Court, it is alleged, conspired with the other respondents and ordered the Medical Center to change *868 its reports, and that on June 18,1956, the court recommitted the plaintiff without re-examination.
It is further alleged that the chief judge of the District Court for the Western District of Missouri ordered that the plaintiff be remanded to Ohio or released, but dismissed the petition for habeas corpus when plaintiff was returned to an Ohio county jail; that plaintiff’s petition for writ of mandamus was denied; that plaintiff was confined in the county jail from February 15,1957, to June 6,1957, and on the latter date was committed to the Cleveland State Receiving Hospital, but escaped on June 19,1957.
Most of the above alleged facts are contained in the brief, rather than in the petition, but are nevertheless recited in order that the issue may be more clearly presented.
The issue as presented by the defendant’s motion and which is directly before the court is the question whether the court has the jurisdiction to pass upon the merits. The essence of plaintiff’s complaint is one of false imprisonment.
In a long line of decisions, the Supreme Court of the United States has held that the United States Court of Claims does not have jurisdiction over actions sounding in tort.
In the case of Schillinger v. United States, 155 U. S. 163, the Court refers to the act of March 3,1863,12 Stat. 765, and the act of March 3, 1887, 24 Stat. 505, which acts define the jurisdiction of the United States Court of Claims. The Court then uses the following language:
Under neither of these statutes had or has the Court of Claims any jurisdiction of claims against the government for mere torts; some element of contractual liability must lie at the foundation of every action.[1]
In response to this citation of authority, the plaintiff calls attention to section 1495 of Title 28 U. S. C., which reads as follows:
The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person *869 unjustly convicted of an offense against the United States and imprisoned.
Turning, however, to section 2513 of Title 28 U. S. C., it is provided that any person suing under section 1495 of this title must allege and prove that his conviction has been reversed or set aside; that he is not guilty of the offense of which he was convicted, or on new trial or rehearing was found not guilty of such offense; and that he did not commit any of the acts charged, or that the acts, deeds, or omissions in connection with such charge constituted no offense against the United States.
It is clear that these two sections must be read together, since the one refers to the other. When they are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with. These required allegations and proof that petitioner has been unjustly convicted are not found in this case. Plaintiff is therefore not within the purview of 28 U. S. C. § 1495.
Since the Congress, in enacting the Jurisdictional Act, provided a method of appeal from decisions of the United States Court of Claims to the Supreme Court, the principles laid down in the decisions of the Supreme Court and the limitations on the Jurisdictional Act as expressed in the decisions of that Court are controlling upon the United States Court of Claims.
In the light of these decisions we have no choice but to hold that we do not have jurisdiction of the claim as set out in plaintiff’s petition. The defendant’s motion is sustained and the petition is dismissed.

 However, see United States v. Causby, 328 U. S. 256, wherein the Supreme Court held that frequent and low flying united States military aircraft may occasion a “taking” under the Fifth Amendment. At page 267 the Court indicated that a claim based upon such a “taking” is “founded upon the Constitution” and therefore within the jurisdiction of the Court of Claims.