**Anthony D. HUMPHREY (also known as Anthony D. Humphrey–Bey), Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5146.

United States Court of Appeals, Federal Circuit.

DECIDED: March 10, 2003.

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Anthony D. Humphrey seeks review of the May 30, 2002, decision of the United States Court of Federal Claims in *Humphrey v. United States*, 52 Fed.Cl. 593 (2002), granting the United States' motion to dismiss Mr. Humphrey's complaint for lack of jurisdiction. Because the Court of Federal Claims properly dismissed Mr. Humphrey's complaint, this court *affirms*.

I.

Mr. Humphrey was convicted in the United States District Court for the Northern District of Ohio on May 23, 1990, for possession of cocaine with intent to distribute (Count I) and for possession or use of a firearm during a drug trafficking crime (Count II). The district court fined Mr. Humphrey $500 and sentenced him to two consecutive prison terms (108 months on Count I and 60 months on Count II) and to four years supervised release. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the district court's decision. *United States v. Humphrey*, 930 F.2d 919 (6th Cir.1991), *cert. denied*, 502 U.S. 871, 112 S.Ct. 205, 116 L.Ed.2d 164 (1991).

On January 10, 1995, Mr. Humphrey filed a motion under 28 U.S.C. § 2255 (2000) asking the district court to vacate, set aside, or amend his sentence. The district court denied the motion. Mr. Humphrey then filed a second motion under § 2255 with the district court focusing on Count II of the indictment. In the second motion, Mr. Humphrey cited a Supreme Court case (*Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)) holding that the relevant statute for Count II, 18 U.S.C. § 924(c) (2000), required "evidence sufficient to show an active employment of the firearm." Mr. Humphrey's firearm was in a suitcase in a car trunk. On November 19, 1998, the district court granted the second motion, dismissing Count II and vacating the corresponding 60–month sentence. On November 24, 1998, Mr. Humphrey was released. Absent Count II, he would have been released on March 18, 1998.

Mr. Humphrey sued the United States for $5 million in damages in the Court of Federal Claims. Mr. Humphrey alleged under 28 U.S.C. §§ 1495 and 2513 (2000) that he was unjustly convicted and imprisoned for an offense against the United States. Mr. Humphrey also alleged that the United States violated his rights under the Constitution's 5th, 8th, 13th, and 14th Amendments.

On June 27, 2001, the United States filed a Motion to Dismiss under Court of

Federal Claims Rule 12(b)(1) (lack of subject matter jurisdiction) or 12(b)(4) (failure to state a claim upon which relief may be granted). On September 5, 2001, Mr. Humphrey filed a document that he described as a "certificate of innocence." The document was an Order of the United States District Court for the Northern District of Ohio stating:

> Upon review of the petitioner's Motion to Vacate pursuant to 28 USC 2255 and the government's response thereto, the Court dismisses count two of the indictment (18 USC 924(c)(1)) and vacates the 60 month sentence imposed for that offense.

The Order did not refer to Mr. Humphrey's guilt or innocence or the nature of Mr. Humphrey's acts related to the charge.

The Court of Federal Claims held that the Order does not satisfy the requirements of § 2513 for a certificate of innocence. The Court of Federal Claims also held that it had no jurisdiction under 28 U.S.C. § 1331 (2000) over Mr. Humphrey's claims under the 5th, 8th, 13th, and 14th Amendments to the Constitution, because these Amendments do not mandate money damages, while the Court of Federal Claims' jurisdiction is limited to provisions mandating payment of money damages. The Court of Federal Claims noted that Mr. Humphrey's claim for $5 million exceeds the § 2513(e) limit of $5,000.

Mr. Humphrey timely appealed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

## II.

### A. Standard of Review

This court reviews without deference whether the Court of Federal Claims properly dismissed a complaint for lack of jurisdiction. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000); *Khan v. United States*, 201 F.3d 1375, 1377 (Fed.Cir.2000).

### B. Jurisdiction Over Mr. Humphrey's Claims

The Court of Federal Claims has jurisdiction to hear cases of unjust imprisonment under 28 U.S.C. § 1495, which states that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495 (2000).

A person suing the United States under § 1495 at the Court of Federal Claims must submit a court certificate or a pardon stating certain facts:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513 (2000).

Damages awards under § 2513 for unjust conviction and imprisonment may not exceed $5,000. 28 U.S.C. § 2513(e).

The Order that Mr. Humphrey submitted as a "certificate of innocence" does not contain the statements that are necessary to satisfy the jurisdictional requirements of § 2513. The Order does not state that Mr. Humphrey's conviction was set aside because he was not guilty of Count II. Neither did the Order state that Mr. Humphrey did not commit the charged acts or that those acts were no offense against the United States or associated territories. Finally, the Order did not indicate that Mr. Humphrey did not cause his own prosecution by misconduct or neglect. The Order is therefore inadequate as a certificate of innocence under § 2513. Based on these facts, the Court of Federal Claims correctly concluded that Mr. Humphrey did not meet the jurisdictional requirements of § 2513.

The Court of Federal Claims has jurisdiction over claims against the United States that are "founded either upon the Constitution, or any act of Congress." 28 U.S.C. § 1491(a)(1) (2000). However, that jurisdiction only includes claims where the Constitution or statute mandates payment of money damages. *Murray v. United States,* 817 F.2d 1580, 1582–83 (Fed.Cir. 1987). Claims against the United States brought under the 5th, 8th, 13th, and 14th Amendments to the Constitution do not mandate money damages under the circumstances presented here. *See id.; Litzenberger v. United States,* 89 F.3d 818, 820 (Fed.Cir.1996); *Carter v. United States,* 228 Ct.Cl. 898, 900 (1981); *McCauley v. United States,* 38 Fed.Cl. 250, 266 (1997), *aff'd,* 152 F.3d 948 (Fed.Cir.1998).

The Court of Federal Claims correctly concluded that it had no jurisdiction over Mr. Humphrey's claims under the 5th, 8th, 13th, and 14th Amendments to the Constitution, because those Amendments do not mandate money damages under the circumstances presented here.

## CONCLUSION

The Court of Federal Claims properly dismissed Mr. Humphrey's complaint for lack of jurisdiction over his statutory and Constitutional claims.