NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5176

REYNAULT CHEVALIER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Reynault Chevalier, of Sonyea, New York, pro se.

Elizabeth A. Speck, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Francis M. Allegra

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5176

REYNAULT CHEVALIER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-511, Judge Francis M. Allegra.

_____

DECIDED: June 2, 2009

_____

Before LINN, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Plaintiff-Appellant Reynault Chevalier ("Chevalier") appeals from the dismissal of his suit in the United States Court of Federal Claims alleging that he was unlawfully arrested and seeking at least $700,000 in damages. <u>Chevalier v. United States</u>, No. 08-CV-511, slip op. at 2 (Ct. Fed. Cl. July 25, 2008). Because the Court of Federal Claims did not have jurisdiction over Chevalier's complaint, we <u>affirm</u>.

Chevalier is an inmate in the New York state prison system. In 2007, he brought the present action seeking compensation for his alleged arrest and imprisonment by Secret Service officers in November, 2005. The Court of Federal Claims dismissed the complaint sua sponte, concluding that it lacked subject matter jurisdiction over

Chevalier's alleged injuries, which sounded in tort.  Id. at 1.  Chevalier appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).  "We review the judgment of the Court of Federal Claims to dismiss for lack of jurisdiction de novo."  Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1300 (Fed. Cir. 2004).

"The Court of Federal Claims is a court of limited jurisdiction."  Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1132 (Fed. Cir. 1998).  "[T]o establish jurisdiction under the Tucker Act for a suit for money damages, 'a plaintiff must identify a separate source of substantive law that creates the right to money damages,' in other words, 'that source must be "money-mandating."'"  Ferreiro v. United States, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).  Liberally construed, Chevalier's complaint implicates two possible sources of substantive law:  (1) 28 U.S.C. § 1495; and (2) the Takings Clause.  We address each in turn.

First, Chevalier argues that the Court of Federal Claims erred by failing to take into account "Court of Federal Claims, (CFC) Section §131.36: Miscellaneous Cases - Damages for unjust conviction of offense against the United States & Imprisonment."  Pet'r's Aff. in Supp. of a Mot. to Proceed as a Poor Person Appeal at 1 ("Affidavit").  We presume that Chevalier is quoting from a section of a treatise, because there is no section 131.36 in any statute or regulation concerning the jurisdiction of the Court of Federal Claims.  We construe Chevalier's brief as invoking the unjust conviction statute, 28 U.S.C. § 1495, which states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

The specific requirements for a claim of unjust conviction are set forth in 28 U.S.C. § 2513:

> (a)    Any person suing under section 1495 of this title must allege and prove that:
>
> > (1)    His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> >
> > (2)    He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b)    Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> (c)    No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> (d)    The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> (e)    The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

As our predecessor court has held, "when [§§ 1495 and 2513] are read together it becomes manifest that the sections confer jurisdiction on [the Court of Federal Claims] only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with." Grayson v. United States, 141 Ct. Cl. 866, 869 (1958). Chevalier cannot satisfy the requirements of §§ 2513(a) and (b). Chevalier

admits that his "conviction has not been reversed in any respect" and that he does "not have an officially documented conviction reversal at the present time." Affidavit at 2. Section 1495 therefore does not provide the Court of Federal Claims with jurisdiction over Chevalier's claims.

Second, Chevalier appears to argue that the Secret Service confiscated certain possessions in violation of his constitutional rights—presumably his rights pursuant to the Takings Clause of the Fifth Amendment. "When property has been seized pursuant to the criminal laws . . ., such deprivations are not 'takings' for which the owner is entitled to compensation." Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006); see also Seay v. United States, 61 Fed. Cl. 32, 35 (2004) ("The reason that these claims do not amount to a taking is because items properly seized by the government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment."). Chevalier's allegations concerning the allegedly wrongfully confiscated items make clear that all of the items were seized in the course of the criminal investigation into Chevalier's conduct. He therefore has alleged no takings claim over which the Court of Federal Claims has jurisdiction.

The Court of Federal Claims therefore properly granted the government's motion to dismiss for lack of subject matter jurisdiction. We decline to address the remainder of Chevalier's arguments on appeal, because they each concern either the merits of his underlying claim or the validity of his criminal conviction, rather than the jurisdiction of the Court of Federal Claims. For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

2008-5176                                    4