Maurice A. SYKES, Plaintiff,

v.

UNITED STATES, Defendant.

No. 12–137C.

United States Court of Federal Claims.

June 25, 2012.

Maurice A. Sykes, pro se, Upper Marlboro, Maryland.

A. Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In 1997, plaintiff Maurice Sykes was convicted in the District of Columbia Superior Court of first-degree felony murder while armed. Following denial by the trial court of motions for post-conviction relief, his conviction was reversed by the District of Columbia Court of Appeals on grounds that permitted his retrial. *See Sykes v. United States,* 897 A.2d 769 (D.C.2006). He was not, however, retried. He subsequently filed an application for a certificate of innocence from the District of Columbia Superior Court but that application was denied on February 9, 2012. Now, in this court, Mr. Sykes seeks a certificate of innocence and damages from the United States ("the government") for his period of incarceration. The government has moved to dismiss Mr. Sykes' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## BACKGROUND

Mr. Sykes and two co-defendants were convicted of first-degree felony murder while armed, for a homicide committed in front of the Bulgarian Embassy in Washington, D.C. *Sykes,* 897 A.2d at 770–71. After conviction, Mr. Sykes sought post-conviction relief without success. On appeal from denial of that relief, however, his conviction was reversed by the District of Columbia Court of Appeals on the ground that the government had violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose in timely fashion that two non-testifying potential defense witnesses had given grand jury testimony favorable to Mr. Sykes. *Sykes,* 897 A.2d at 778. The conviction had been premised upon testimony of three eyewitnesses plus that of a witness who averred that he had heard Mr. Sykes discuss the murder on the evening of the crime. *Id.* at 771, 779–81 & n. 7. The two potential witnesses had testified before the grand jury that they were present during the discussion and denied hearing of the murder, but those witnesses were not located and subpoenaed to testify at the trial, in part because the prosecutor did not apprise the defense of their favorable grand jury testimony until after trial had begun. Rather, near the close of the trial, portions of their grand jury testimony were read into evidence. *Id.* at 776. The court of appeals ruled that this prevented Mr. Sykes from presenting a complete defense. *Id.* at 780. After finding a "reasonable probability" that the outcome of the case would have been different had the government complied with *Brady,* the court of appeals set aside the conviction, *id.* at 779–80, but it remanded the case for a new trial because it was "satisfied that, if believed, there was sufficient evidence, based on the testimony of Mr. Ignaliev, Mr. Petkov, and Ms. Willis [the three eyewitnesses], for example, on which reasonable jurors could have found Mr. Sykes guilty beyond a reasonable doubt," *id.* at 781 n. 7. On remand, the government chose not to retry the case against Mr. Sykes due to a lack of available evidence. Compl. ¶ 35. Consequently, Mr. Sykes was released from incarceration. Compl. ¶ 35. On February 9, 2012, Mr. Sykes' motion for a certificate of innocence was denied by Judge Wendell Gardner, Jr., of the District of the Columbia Superior Court, based upon the ambiguous language of the appellate court's reversal. Compl. ¶ 37.

By his complaint in this court, Mr. Sykes seeks both a certificate of innocence and damages for his incarceration. Among other things, Mr. Sykes avers that Judge Gardner should have recused himself from hearing Mr. Sykes' motion for a certificate of innocence due to the circumstance that the "[p]laintiff[']s defen[s]e counsel[']s law firm" had represented Judge Gardner and his family in an earlier suit. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") ¶ 7. Because of this alleged conflict, Mr. Sykes argues that he was wrongfully denied a certificate of innocence and is entitled to such a certificate from this court. *See id.* ¶ 6; *see also* Compl. ¶ 39. In support of his claim, Mr. Sykes argues that the government violated his due process right to a fair trial and other constitutional rights relating "to liberty[and] to freedom." Compl. ¶ 16. Specifically, Mr. Sykes asks this court to award him damages under 28 U.S.C. § 1495 for his alleged wrongful incarceration. Compl., Prayer for Relief; Compl. ¶ 2.

## STANDARDS FOR DECISION

Subject matter jurisdiction must be established before a court may proceed to the merits of an action. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Thus, if a court finds that jurisdiction is lacking at any point in time, the case must be dismissed, *see* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"), or, alternatively, transferred to another federal court in which the action could have been brought, *see* 28 U.S.C. § 1631. The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In addressing a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."

*Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed.Cir.2011) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)).

When considering a motion to dismiss for failure to state a claim, the court also construes the complaint's allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). That is, the court must inquire whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[1]

### ANALYSIS

■ A statute, 28 U.S.C. § 1495, specifically grants this court "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." Section 1495, however, "must be read in conjunction with 28 U.S.C. § 2513." *Humphrey v. United States,* 52 Fed.Cl. 593, 596 (2002), *aff'd,* 60 Fed.Appx. 292 (Fed.Cir.2003) (per curiam). Section 2513 provides in pertinent part that—

(a) Any person suing under [S]ection 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States,

or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513(a)–(b). The resulting requirement for relief under these paired statutes has "always been strictly construed." *Vincin v. United States,* 468 F.2d 930, 933 (Ct.Cl.1972). As a result, an unjust conviction and imprisonment claim must be established by either a certificate granted by the court of conviction or a pardon. *Humphrey,* 52 Fed.Cl. at 596 (citing *Hadley v. United States,* 66 F.Supp. 140, 141 (Ct.Cl.1946)). Such a certificate or pardon must "either explicitly or by factual recitation" state that the plaintiff has satisfied the requirements of Section 2513. *Id.* at 597 (citing *Andolschek v. United States,* 77 F.Supp. 950, 951 (Ct.Cl. 1948)). In acting on a claim predicated upon Sections 1495 and 2513, this court "does not have the power to review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment." *Zakiya v. United States,* 79 Fed.Cl. 231, 234–35 (2007).

■ Mr. Sykes was denied a certificate of innocence from the D.C. Superior Court on February 9, 2012. Compl. ¶ 37. Although Mr. Sykes contests that denial on the ground that the judge of the Superior Court who heard his claim allegedly had a conflict of interest, that alleged impropriety does not alter the result insofar as this court is concerned. No juridical power inheres in this court to review a decision and judgment of the D.C. Superior Court in acting on a request for a certificate of innocence. *See Andolschek,* 77 F.Supp. at 951. Consequently, because Mr. Sykes has failed to produce a certificate of innocence and cannot obtain one

---

1. As a *pro se* litigant, Mr. Sykes' pleadings are construed more liberally than are formal pleadings drafted by lawyers, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), but this liberality does not relieve Mr. Sykes of the "burden of establishing the court's jurisdiction by a preponderance of the evidence,"

*Riles v. United States,* 93 Fed.Cl. 163, 165 (2010) (citing *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.2002)), nor of the obligation to present a claim demonstrating his entitlement to relief, *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356 (Fed.Cir.2007).

here, his claim under Section 1495 must fail. A plaintiff suing under 28 U.S.C. § 1495 must prove the requirements set out in 28 U.S.C. § 2513 as a prerequisite to relief. *See Grayson v. United States,* 141 Ct.Cl. 866, 869 (1958). In short, although Mr. Sykes has shown that his conviction was reversed by the District of Columbia Court of Appeals on March 9, 2006, he has failed to prove that "[h]e did not commit any of the acts charged," 28 U.S.C. § 2513(a)(2). Only a pardon or a certificate of innocence from the pertinent court suffices for purposes of Section 2513(b). Mr. Sykes has not, and can not, plead that he has obtained a pardon or certificate of innocence.

Prior to the Federal Circuit's decision in *Fisher v. United States,* 402 F.3d 1167, 1171–76 (Fed.Cir.2005) (*en banc* in pertinent part), Mr. Sykes' claim based upon Sections 1495 and 2513 would have been dismissed for lack of subject matter jurisdiction. *See Grayson,* 141 Ct.Cl. at 869 ("[W]e do not have jurisdiction of the claim [under Sections 1495 and 2513] as set out in plaintiff's petition."); *Humphrey,* 52 Fed.Cl. at 598–99 (same disposition). Some judges applied *Grayson* even after *Fisher. See Johnson v. United States,* 411 Fed.Appx. 303, 306 (Fed.Cir.2010) ("The court has jurisdiction under § 1495 only if a plaintiff alleges facts sufficient to meet the requirements of § 2513.") (non-precedential disposition); *Wood v. United States,* 91 Fed.Cl. 569, 572–78 (2009) (holding that submission of certificate of innocence is a prerequisite to jurisdiction of this court over action seeking damages for unjust conviction). *Fisher,* however, instructs that this court acquires subject matter jurisdiction "as a result of the initial determination that plaintiff's cause rests on a money-mandating source." 402 F.3d at 1175. Then, if the court concludes "that plaintiff's case does not fit within the scope of the [money-mandating] source, [the result] is simply this: plaintiff loses on the merits for failing to state a claim upon which relief can be granted." *Id.* at 1175–76; *see also Adair v. United States,* 497 F.3d 1244, 1251 (Fed.Cir.2007) ("If a trial court concludes that the particular statute

simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1). If, however, the court concludes that the facts as pled do not fit within the scope of a statute that is money-mandating, the court shall dismiss the claim on the merits under Rule 12(b)(6) for failing to state a claim upon which relief can be granted." (citations omitted)); *cf. Engage Learning, Inc. v. Salazar,* 660 F.3d 1346, 1354 (Fed.Cir.2011) ("To the extent a successful claim against the government requires compliance with all statutory elements of the claim, failure of proof of an element of the cause of action means the petitioner is not entitled to the relief he seeks. To conclude in such a case that the petitioner loses because the forum is 'without jurisdiction' is to obscure the nature of the defect. It would be more accurate to conclude that the petitioner has failed to prove the necessary elements of a cause for which relief could be granted." (quoting *Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 687 (Fed. Cir.1992))); *Sheppard v. United States,* No. 11–295C, 2011 WL 6370078, at *7 n. 6 (Fed. Cl. Dec. 20, 2011) (noting the disparity between the result in *Grayson* and the disposition of *Fisher*).[2] In light of *Fisher, Adair,* and *Engage Learning,* Mr. Sykes' claim premised upon Sections 1495 and 2513 must be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

█ Mr. Sykes also maintains that the government has violated his due process right to a fair trial as well as other constitutional rights relating to liberty and freedom. In this court, subject matter jurisdiction is not established by simply alleging a constitutional violation. Rather, the constitutional provision alleged to have been violated must be money-mandating. *Ferreiro v. United States,* 501 F.3d 1349, 1351–52 (Fed.Cir.2007) (citing *Fisher,* 402 F.3d at 1172 (*en banc* in pertinent part)). The Due Process Clauses of the Fifth and Fourteenth Amendments "do not obligate the [f]ederal [g]overnment to pay money damages." *Carruth v. United*

---

2. To the same effect is the commentary set out in Lawrence Bluestone, *Unjust Imprisonment Claims Before the Court of Federal Claims: The* *Presentation of a Certificate of Innocence Should Not Be Considered "Jurisdictional,"* 21 Fed. Cir. Bar J. 221 (2011).

235

*States,* 627 F.2d 1068, 1081 (Ct.Cl.1980) (citing *Walton v. United States,* 213 Ct.Cl. 755 (1977); *Muehlen v. United States,* 209 Ct.Cl. 690, 529 F.2d 533 (1976); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002 (Ct.Cl.1967), *abrogated in part on other grounds by Malone v. United States,* 849 F.2d 1441, 1444–45 (Fed.Cir.1988)). Consequently, this court lacks jurisdiction over these claims.

■ Mr. Sykes also seeks damages for injuries allegedly suffered as a result of his wrongful incarceration, including loss of earning power, deprivation of liberty, and humiliation. Compl. ¶ 38–39. Without the benefit of 28 U.S.C. § 1495, these are bare tort claims. The Tucker Act excludes tort claims from this court's jurisdiction. *See Hernandez v. United States,* 96 Fed.Cl. 195, 203–04 (2010) (holding that a prisoner's "claims for 'personal injuries,' including 'loss of liberty,' physical and mental pain, emotional distress, anxiety, humiliation, and loss of employment, and wages" all sound in tort and are excluded from the court's jurisdiction under the Tucker Act); *see also, e.g., Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.

1997).[3] Consequently, these claims by Mr. Sykes, like those premised upon alleged constitutional violations, fail for lack of subject matter jurisdiction.

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. Mr. Sykes' claim predicated upon 28 U.S.C. §§ 1495 and 2513 is dismissed for failure to state a claim upon which relief can be granted. Mr. Sykes' claims based upon alleged constitutional violations in connection with his trial and upon injuries suffered as a result of his incarceration are dismissed for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly. No costs.

It is so ORDERED.

---

**3.** The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).