ORIGINAL

# In the United States Court of Federal Claims

No. 14-310C
(Filed: October 31, 2014)

FILED

OCT 3 1 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BOBBY E. HAZEL,

        *Plaintiff,*

v.

THE UNITED STATES OF AMERICA,

        *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff asks this court for one hundred million dollars as damages for his alleged unjust conviction and imprisonment under 28 U.S.C. § 1495.[1] Mr. Hazel was convicted by a jury in federal district court on May 19, 1993, for first degree murder and possession of a dangerous weapon by a prisoner. He was sentenced to a life term of imprisonment. He has been pursuing his appeal and various collateral attacks on his conviction ever since.

Defendant has moved to dismiss for lack of jurisdiction on the basis that plaintiff has not alleged, nor could he, that his conviction has been set aside or reversed on the grounds that he is not guilty as required by the statute and subsequent case law. This is required to be in the form of a certificate of innocence or an executive pardon. Defendant points out that plaintiff has produced neither.

---

[1] Plaintiff has also moved to proceed *in forma pauperis*. Due to our summary disposition of the case and plaintiff's pro se status, we grant the motion and waive the filing fee.

1

28 U.S.C. § 2513 lists the requirements for suit under section 1495:

(a) Any person suing under Section 1495 of this title must allege and prove that:

> (1) his conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction . . . ; and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the Untied States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own persecution.

(b) Proof of the requisite facts shall be by certificate of the court or pardon wherein such facts are allege to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

28 U.S.C. § 2513 (2014). The courts have long been consistent in applying these two provisions together to require that the conditions of section 2513 be met in order for this court to exercise jurisdiction. *See, e.g.*, *Grayson v. United States*, 141 Ct. Cl. 866, 869-70 (1958); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 711 (8th Cir. 2009); *Neal v. United States*, No. 915C, U.S. Claims LEXIS 317 (Fed. Cl. Apr. 29, 2013).[2] Additionally, this court has no

---

[2] This court has on occasion dismissed cases under section 1495 for failure to state a claim rather than lack of jurisdiction on the basis that jurisdiction attaches when plaintiff identifies a money mandating source, such as 28 U.S.C.

independent authority to "re-examine in detail the facts surrounding a conviction or imprisonment." *Humphrey v. United States*, 52 Fed. Cl. 593, 597 (2002). This means that, in order for this court to exercise jurisdiction over a case brought pursuant to 28 U.S.C. § 1495, plaintiff must have, at a minimum, alleged that he possesses a certificate of innocence or pardon.

Plaintiff responds that he meets the requirements of section 2513 because he has "exhausted all recourse to the courts and that the time for any court to exercise jurisdiction had expired" as is stated in subsection (c). 28 U.S.C. § 2513(c). That section, however, as it expressly begins, applies only to certificates of pardon, and operates to further limit this court's purview under section 1495 by requiring that any pardon recite that it was granted after the exhaustion of normal appellate recourse. It does not, as plaintiff urges, provide an avenue around the requirement that a certificate of innocence or pardon be produced in order to exercise jurisdiction under 28 U.S.C. § 1495.

Plaintiff did not provide, nor allege that he can provide, a certificate of innocence or pardon. That being the case, we have no choice but to dismiss the case for lack of jurisdiction pursuant to rule 12(b)(1). Accordingly, defendant's motion to dismiss is granted. Plaintiff's motion to proceed *in forma pauperis* is granted. The clerk of court is directed to dismiss the complaint and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Judge

---

§ 1495. *E.g., Sykes v. United States*, 105 Fed. Cl. 231 (2012). We follow the traditional approach of dismissal for want of jurisdiction because Congress conditioned the exercise of jurisdiction under section 1495 upon the requirements of section 2513.