ORIGINAL

# In the United States Court of Federal Claims

No. 15-390C
(Filed: July 28, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PATRICIA MOODY,

        *Plaintiff*,

v.

THE UNITED STATES OF AMERICA,

        *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED

JUL 2 8 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, appearing *pro se*, asks this court for forty thousand dollars for her husband's alleged unjust conviction and imprisonment under 28 U.S.C. § 1495. Defendant has moved to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The motion is fully briefed. Oral argument is unnecessary.

Plaintiff's husband, Mr. Moody, filed the complaint and motion to proceed *in forma pauperis* on April 20, 2015. On May 28, 2015, a notice of death was filed on his behalf by plaintiff, his widow. On June 17, 2015, defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and (6). On July 16, 2015, Ms. Moody filed her response to defendant's motion to dismiss and submitted a motion to substitute herself in the place of her late husband. On July 17, 2015, we granted plaintiff's motion for substitution and granted plaintiff's motion for leave to proceed *in forma pauperis*. The clerk's office also received a document entitled "Amended Complaint" on July 27, 2015, which was not filed by the clerk's office because of numerous procedural defects. This document is identical to the original complaint other than the title, but attached to it is an additional second page containing "Plaintiffs

1

Objection" to defendant's motion to dismiss. We have reviewed this document and order the clerk's office to return this document to plaintiff unfiled because it would add nothing substantive to the record and would be futile if filed.

Defendant has moved to dismiss for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted because plaintiff has not pled facts sufficient to meet the conditions set out in 28 U.S.C. § 2513, namely that Mr. Moody was convicted, that his conviction was overturned or that he was pardoned, and that he received a certificate of innocence.

On September 3, 2009, Mr. Moody was charged with two counts of possession of a controlled substance with intent to distribute, and he was subsequently imprisoned for approximately 10 months pending trial. On June 30, 2010, Mr. Moody was acquitted, and all charges were dismissed with prejudice. *See Moody v. Quarles et al.*, No. 3:13-cv-750-HTW-JCG (S.D. Miss. Sept. 18, 2014).

In an effort to secure a judgment against two individuals who had prepared reports submitted at his detention hearing, Mr. Moody subsequently filed suit in the United States District Court for the Southern District of Mississippi. After the district court dismissed his suit with prejudice, Mr. Moody filed a complaint in this court on April 20, 2015, requesting damages and a public apology for his alleged unjust conviction.

We have jurisdiction over claims for damages by a person who has been unjustly convicted and imprisoned by the United States under 28 U.S.C. § 1495. In order to successfully bring a claim under 28 U.S.C. § 1495, plaintiff must first satisfy the requirements set forth in 28 U.S.C. § 2513. The courts have long been consistent in applying these two provisions together to require that the conditions of section 2513 be met in order for this court to exercise jurisdiction. *See, e.g., Grayson v. United States*, 141 Ct. Cl. 866, 869-70 (1958); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 711 (8th Cir. 2009); *Neal v. United States*, No. 915C, U.S. Claims LEXIS 317 (Fed. Cl. Apr. 29, 2013).[1]

---

[1] This court has on occasion dismissed cases under section 1495 for failure to state a claim rather than lack of jurisdiction on the basis that jurisdiction

28 U.S.C. § 2513 lists the requirements for suit under section 1495:

(a) Any person suing under Section 1495 of this title must allege and prove that:

> (1) his conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . ; and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the Untied States . . . and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

(c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.

28 U.S.C. § 2513 (2012). These requirements are jurisdictional. *Grayson v. United States*, 141 Ct. Cl. 866, 868-69 (1958).

Although this is an unfortunate circumstance, plaintiff cannot meet the requirements of 28 U.S.C. § 2513, and thus this court cannot offer any relief. Here, both parties agree that Mr. Moody was never convicted of a crime. Mr. Moody admitted that he "was acquitted of all charges and [the] claims [were] dismissed." Compl. 1. Although Mr. Moody was confined before trial, pre-

---

attaches when plaintiff identifies a money mandating source, such as 28 U.S.C. § 1495. *E.g., Sykes v. United States*, 105 Fed. Cl. 231 (2012). We follow the traditional approach of dismissal for want of jurisdiction because Congress conditioned the exercise of jurisdiction under section 1495 upon the requirements of section 2513.

trial confinement alone does not satisfy the statutory requirement that "the plaintiff has been both unjustly convicted *and* imprisoned in order to be eligible for an award of damages." *Crooker v. United States*, 119 Fed. Cl. 641, 652 (2014) (emphasis in original). Furthermore, Mr. Moody did not allege that he can provide a certificate of innocence or pardon, nor could he. That being the case, we have no choice but to dismiss the case for lack of jurisdiction pursuant to Rule 12(b)(1).

Accordingly, defendant's motion to dismiss for lack of subject-matter jurisdiction is granted. The clerk of court is directed to dismiss the complaint and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Judge

4