NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIAN M. BURMASTER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1868

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01903-CFL, Judge Charles F. Lettow.

---

Decided: August 7, 2018

---

BRIAN M. BURMASTER, Milwaukee, WI, pro se.

SEAN SIEKKINEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before O'MALLEY, CLEVENGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Brian M. Burmaster appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing his pro se complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. *Burmaster v. United States*, No. 1:17-cv-01903, 2018 WL 1417683 (Cl. Ct. Mar. 22, 2018). Because the Claims Court correctly concluded that it lacked jurisdiction over the claims raised in Burmaster's complaint, we *affirm*.

## BACKGROUND

On September 26, 2007, a grand jury indicted Burmaster for three counts of knowingly transmitting in interstate and foreign commerce threats to injure people in violation of 18 U.S.C. § 875(c). Indictment, *United States v. Burmaster*, No. 2:07-cr-00628 (D. Utah Sept. 26, 2007), ECF No. 1. Burmaster was remanded to custody pending trial and, while in custody, underwent a psychiatric exam. Order, *United States v. Burmaster*, No. 2:07-cr-00628 (D. Utah Aug. 8, 2008), ECF No. 43 at 1–2. After that initial exam, the district court found by a preponderance of the evidence that Burmaster "suffer[ed] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense." *Id.* Accordingly, the district court ordered that Burmaster be committed to the custody of the Attorney General and be hospitalized for treatment in a suitable facility for a reasonable period of time to determine if he could be restored to competency, but, in no event, for longer than four months. *Id.* at 2. In July of 2009, the United States moved to dismiss the indictment without prejudice after the district court ultimately concluded that Burmaster's mental competency was not readily restorable. Mot. for Leave to File Rule 48(a) Dismissal, *United States v. Burmaster*, No. 2:07-cr-00628 (D. Utah July 21, 2009), ECF No. 78. The district court

granted the dismissal and Burmaster was released from custody.

On November 22, 2013, a grand jury again indicted Burmaster for knowingly and intentionally transmitting in interstate and foreign commerce, from the country of Lebanon to the State of Louisiana, threats to injure a person in violation of § 875(c). Indictment, *United States v. Burmaster*, No. 2:13-cr-00265 (E.D. La. Nov. 22, 2013), ECF No. 3. Burmaster's counsel moved for a psychiatric exam to determine whether he was competent to stand trial, and he was again committed to a federal facility for the purposes of such an exam. Order & Reasons, *United States v. Burmaster*, No. 2:13-cr-00265 (E.D. La. Oct. 21, 2016), ECF No. 49 at 1–2. Doctors at the Federal Medical Center in North Carolina diagnosed Burmaster with Schizoaffective Disorder, Bipolar type and Obsessive Compulsive Personality Disorder. *Id.* at 3. This trial court also found Burmaster incompetent to stand trial at that time and he was again hospitalized for treatment to determine if his competency could be restored. *Id.* Burmaster then filed a petition for writ of mandamus, in which he "complain[ed] of delay in a competency evaluation," "challenge[d] the district court's determination that he is not competent to stand trial and assert[ed] that his continued detention is unlawful and exceeds the maximum sentence he faces." Judgment, *United States v. Burmaster*, No. 2:13-cr-00265 (E.D. La. Aug. 17, 2017), ECF No. 69 at 1. The petition was denied. *Id.* The Government filed, and the district court granted, a motion to dismiss without prejudice the indictment for good cause in view of Burmaster's psychiatric evaluations. Order, *United States v. Burmaster*, No. 2:13-cr-00265 (E.D. La. Aug. 17, 2017), ECF No. 68. Again, Burmaster was released from custody.

On December 5, 2017, Burmaster filed a complaint against the United States in the Claims Court, alleging unlawful imprisonment and a violation of his Sixth

Amendment right to a public trial by an impartial jury. Suppl. J.A. 2, 4.  Burmaster sought monetary relief for the 1,241 total days he spent incarcerated, first, in Utah between 2008 and 2009, and second, in Louisiana between 2015 and 2017.  He also sought "various forms of equitable relief[,] including declarations that 'the United States of America is not a [r]ogue [n]ation,' that 'Americans honor both the word and letter of [their] international commitments,' that the "'Mental Health' statutes (18 [U.S.C. §] 4241 through 18 [U.S.C. §] 4246' are unconstitutional, and that Mr. Burmaster is 'competent to stand trial.'" *Burmaster*, 2018 WL 1417683, *1 (quoting Suppl. J.A. at 4).  The Government moved to dismiss Burmaster's complaint for lack of subject matter jurisdiction.

The Claims Court found that it lacked subject matter jurisdiction over Burmaster's case.  First, it found that it lacked jurisdiction over Burmaster's various claims for declaratory relief because the Claims Court's jurisdiction is restricted to claims for liquated or unliquidated damages in cases not sounding in tort under the Tucker Act, 28 U.S.C. § 1491(a)(1).  Next, the Claims Court found it lacked jurisdiction over Burmaster's claim of unjust imprisonment because he was never convicted and he never provided, as required under 28 U.S.C. § 2513(a)–(b), a certificate proving his innocence of the crimes for which he was indicted.  Finally, the Claims Court found that it lacked jurisdiction over Burmaster's claim that the Government violated his Sixth Amendment right to a trial by jury because the Claims Court's jurisdiction over constitutional claims arises only when the provisions at issue are money mandating, and the Sixth Amendment is not such a provision.  Thus, the Claims Court dismissed Burmaster's complaint.

Burmaster appeals, arguing that the Claims Court has jurisdiction over his claims for unjust imprisonment, seeking equitable relief, and for violation of the Sixth

Amendment. We have jurisdiction over a final decision for the Claims Court pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo whether the Claims Court possessed jurisdiction. *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993). The Tucker Act defines the jurisdiction of the Claims Court. *Nat'l Air Traffic Controllers Assoc. v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) (citing 28 U.S.C. § 1491(a)).

First, Burmaster contends that the Claims Court has jurisdiction over his claim of unjust imprisonment. The Tucker Act grants the Claims Court "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." *Humphrey v. United States*, 60 F. App'x 292, 294 (Fed. Cir. 2003). To satisfy the jurisdictional requirements for claims of unjust imprisonment, the person suing the United States must submit a certificate or pardon stating that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted," and that "[h]e did not commit any of the acts charged . . . ." *Id.* (quoting 28 U.S.C. § 2513). Here, presumably because he was never convicted of any offense, Burmaster did not submit such a certificate or pardon, nor did he otherwise assert that he did not commit the crimes charged in the indictments. For these reasons, the Claims Court correctly dismissed Burmaster's claim for lack of jurisdiction.[1]

---

[1] Burmaster's complaint also sought treble damages under the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964(c). Suppl. J.A. at 2. The Claims Court held that it "lacks jurisdiction over any claims that may be cognizable under the RICO Act because jurisdiction over such claims 'is conferred exclusive-

To the extent Burmaster claims that his pretrial determination was in excess of that necessary to determine if he could be restored to competency, any remedy for that claim must be sought in the courts with jurisdiction over his custody. The Claims Court lacks authority to entertain any such action.

Next, Burmaster contends that the Claims Court has jurisdiction over his claims seeking various forms of equitable relief, including "a judgment on the constitutionality of the 'Mental Health' statutes (18 U.S.C. [§] 4241 through 18 U.S.C. [§] 4246)." Suppl. J.A. at 4. The Supreme Court has interpreted the Tucker Act "to require that a plaintiff seeking to invoke the court's jurisdiction must present a claim for 'actual, presently due money damages from the United States.'" *Nat'l Air*, 160 F.3d at 716 (quoting *United States v. King*, 395 U.S. 1, 3 (1969)). "Although the Tucker Act has been amended to permit the [Claims Court] to grant equitable relief *ancillary* to claims for monetary relief over which it has jurisdiction, there is no provision giving the [Claims Court] jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." *Id.* (internal citations omitted) (emphasis added). Here, as noted above, the Claims Court lacks jurisdiction over Burmaster's claim for monetary relief, i.e. his claim for unjust imprisonment. Even if it had jurisdiction, Burmaster's claims for equitable relief are unrelated to his claims for monetary relief. Indeed, a

---

ly on the United States District Courts.'" *Burmaster*, 2018 WL 1417683, *2. Burmaster appears to challenge this on appeal. Reply Br. at 4–6. We agree with the Claims Court's finding that it lacks jurisdiction over RICO claims. *See* § 1964(a) ("The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter . . . .").

judgment regarding Burmaster's competency to stand trial or a judgment regarding the constitutionality of 18 U.S.C. §§ 4241–46 would not help Burmaster obtain monetary relief under his claim for unjust imprisonment. Therefore, the Claims Court correctly found that it lacked jurisdiction over Burmaster's claims for equitable relief.

Finally, Burmaster contends that the Claims Court has jurisdiction over his Sixth Amendment claim. The Claims Court has jurisdiction over claims against the United States that are founded upon a Constitutional provision, but only those provisions that mandate payment of money damages. *Humphrey*, 60 F. App'x at 295. The Sixth Amendment does not mandate money damages under the circumstances presented here, *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002), therefore, the Claims Court correctly dismissed Burmaster's claim.

CONCLUSION

Because the Claims Court lacks subject matter jurisdiction over each of Burmaster's claims, we *affirm* the Claims Court's dismissal of Burmaster's complaint.

**AFFIRMED**

COSTS

No costs.