NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN LAMONTE BREWER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1872

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01209-ZNS, Judge Zachary N. Somers.

---

Decided: February 27, 2023

---

KEVIN BREWER, Grand Prairie, TX, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, MARTIN F. HOCKEY, JR.

---

Before NEWMAN, CLEVENGER, and STOLL, *Circuit Judges*.

PER CURIAM.

Kevin Lamonte Brewer appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for monetary relief under 28 U.S.C. § 1495. For the reasons set forth below, we *affirm* the dismissal of Mr. Brewer's complaint.

## BACKGROUND

Section 1495 provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." A companion statute, 28 U.S.C. § 2513, provides that any person suing under § 1495 must allege and prove, among other things, that his conviction has been reversed and that "his acts, deeds, or omissions in connection with the charge on which he was convicted constituted no offense against the United States, or any State . . . ." A plaintiff can prove these necessary facts by obtaining a certificate of innocence from the federal district court that has jurisdiction over the allegedly improper imprisonment.

In this case, Mr. Brewer was charged and convicted in the United States District Court for the Western District of Arkansas, and then imprisoned, for failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), codified at 34 U.S.C. § 20911 *et seq.* Mr. Brewer successfully challenged his conviction as unlawfully applying SORNA retroactively to his case. *United States v. Brewer*, 766 F.3d 884, 892 (8th Cir. 2014).

On September 16, 2020, Mr. Brewer filed a complaint seeking monetary relief under § 1495. To support his claim, Mr. Brewer filed a request for a certificate of innocence from the Western District of Arkansas. That court denied his request, on the grounds that Mr. Brewer had "not demonstrated that his own misconduct or neglect did not cause his prosecution" and also because his "conduct

was a violation of state law." *United States v. Brewer*, No. 6:09-CR-60007-RTD, 2020 WL 8267582, at \*2 (W.D. Ark. Dec. 10, 2021), *adopted in full*, 2021 WL 261541 (Jan. 26, 2021). Mr. Brewer appealed that decision to the Eighth Circuit.

While his appeal to the Eighth Circuit was pending, Mr. Brewer requested that the Court of Federal Claims stay the proceedings on his complaint. The Court of Federal Claims declined to do so, holding that the district court's denial of the requested certificate of innocence meant that Mr. Brewer could not bring a § 1495 complaint in the Court of Federal Claims. *Brewer v. United States*, No. 20-1209, 2021 WL 655432, at \*2–3 (Fed. Cl. Feb. 19, 2021). Specifically, the Court of Federal Claims determined that without the certificate of innocence, Mr. Brewer could not make the requisite showing for his § 1495 claim. Accordingly, the court *sua sponte* dismissed under its own Rule 12(h)(3) for a lack of subject matter jurisdiction. *Id.* at \*2 (citing, among other cases, *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958)).

Mr. Brewer timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

On appeal to this court, Mr. Brewer argues that the Court of Federal Claims should have granted a stay to allow resolution of his appeal to the Eighth Circuit and asks us to also stay this case until final resolution of that appeal. Appellant's Br. 1–2. After Mr. Brewer appealed to this court but before the case was submitted for decision, the Eighth Circuit affirmed the district court's denial of his request for a certificate of innocence. *United States v. Brewer*, 853 F. App'x 46, 46 (8th Cir. 2021). Shortly after Mr. Brewer's appeal to this court was submitted for decision, the Supreme Court denied his petition for certiorari regarding the Eighth Circuit's decision. *Brewer v. United States*, 142 S. Ct. 1242 (2022).

We agree with the Court of Federal Claims that Mr. Brewer's claim for monetary relief under § 1495 cannot succeed without him having been granted a certificate of innocence. 28 U.S.C. § 2513(b) ("Proof of the requisite facts shall be by a certificate of the court . . . wherein such facts are alleged to appear, and other evidence thereof shall not be received."); *see also, e.g.*, *Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012) ("[A]n unjust conviction and imprisonment claim must be established by either a certificate granted by the court of conviction or a pardon."). Mr. Brewer has now exhausted all remedies in seeking a certificate of innocence. Accordingly, because Mr. Brewer cannot prove the facts necessary to succeed on his § 1495 claim, we affirm the Court of Federal Claims' dismissal of his complaint.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For these reasons, we affirm the final judgment of the Court of Federal Claims.

## **AFFIRMED**

### COSTS

No costs.